## J. A. TRAVIS ET AL. v. THE STATE.

### No. 1069.   Decided June 17th, 1896.

**Selling Liquor in Place not Designated in License.**

Under provision of the Act of 1893, § 6 [Penal Code, Art. 411b], it is evident that a party taking out license to sell intoxicating liquors, must not only designate the house in which his business is to be carried on, but he must confine that business to the place designated; unless, when he desires to change to another place, in which event he may cause the clerk, under the statute, to change his license so as to designate the place to which he proposes to remove his business.

APPEAL from the County Court of Wharton. Tried below before Hon. R. F. BENTLEY, County Judge.

Appeal from a conviction for selling spirituous liquors in a place other than that designated in the license; penalty, a fine of $50.

The charging part of the information is as follows: "That heretofore, to-wit: on the 18th day of July, 1895, a license was issued by the Clerk of the County Court of Wharton County, Texas, to one H. G. Green, authorizing him, the said H. G. Green, to sell spirituous, vinous or malt liquors, or medicated bitters, on Burleson street, in the town of Wharton, in Wharton County and State of Texas, and thereafter, to-wit: on the 9th day of September, 1895, the said license hereinbefore described was transferred by said H. G. Green to J. A. Travis and J. Blumberg, and that thereafter the said J. A. Travis and J. Blumberg, on or about the 21st day of September, 1895, in the County of Wharton and State of Texas, did then and there temporarily close their place of business on Burleson street in the town of Wharton, and did then and there open their business in what is known as the Needham saloon building, situated near the depot of the New York, Texas and Mexican Railway, in the town of Wharton, in Wharton County, Texas, and the said J. A. Travis and J. Blumberg, on or about the 21st day of September, 1895, in the County of Wharton and the State of Texas, did then and there unlawfully sell spirituous, vinous and malt liquors, and medicated bitters, the same being a place other than that designated in the license issued by the Clerk of the County Court of Wharton County, Texas, on the 18th day of July, 1895, to H. G. Green and transferred by said H. G. Green to said J. A. Travis and J. Blumberg on the 9th day of September, 1895; contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State."

A motion was made in arrest of judgment upon the ground that the information charges no offense known to the law.

[No briefs for either party have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—By information appellants were charged with pursuing "the occupation of selling spirituous, vinous, and malt liquors, and medicated bitters, in a place other than designated in the license issued by the clerk of the County Court of Wharton County authorizing them to pursue said occupation." There are no bills of exceptions in the record, nor is the statement of the facts sent up for our inspection. The only question presented by the record is the motion in arrest of judgment, upon the broad ground that the information charges no offense known to the laws of the State of Texas. There is no particular vice or defect pointed out by the motion in arrest of judgment, the said motion being in the form of a general demurrer. We have examined the information, and think it not subject to such general demurrer. The statute provides: "Any person or persons who shall sell spirituous, vinous or malt liquors or medicated bitters, in quantities not authorized by his or their license, or who shall sell in any other place than that designated in the license, or who shall sell otherwise than authorized by the license, shall be deemed guilty of a misdemeanor, and on conviction thereof, shall be fined in any sum from fifty to one hundred dollars, or imprisonment in the county jail from ten to thirty days, in the discretion of the jury," etc. Laws 1893, p. 178, § 6 [Penal Code 1895, Art. 411b]. It would seem, from the reading of this statute, that it is an offense against the laws of this State for parties selling intoxicating liquors under a license to sell said intoxicants in any other place than that mentioned or set out in the license; and under the Act of 1893, under which this prosecution is based, the party taking out such license must designate the place in which his business is to be carried on; and under the terms of this law his business is to be carried on at such place, unless he complies with the further provisions of the law in regard to moving his said place of business. See, Acts 1893, p. 178, §§ 5, 6. Section 5 provides: "The particular place or house in which the liquors are to be sold shall be designated in the license, and no license shall authorize any person to sell spirituous, vinous or malt liquors or medicated bitters at any other place or house than that designated in the license—provided, that if any person or association of persons having a license to sell such liquors, desires to change his or their place of business, such change may be made by presenting the license to the clerk of the county, and having the next place of business inserted therein; but in no case to admit of the temporary closing of one place of business to sell at another place." It is evident, from the reading of this section, together with that portion of Section 6 quoted above, that a party taking out a license must not only designate the house in which his business is to be carried on, but he must confine that business to the place designated, unless, as provided in Section 5, when he desires to

change to another place, he may cause his license to be so changed by the clerk as to designate the place to which he proposes to remove said business. So far as we are able to see from the face of the information before us, it charges an offense in contemplation of Sections 5 and 6 of the Act of 1893. There was no error in the action of the court in overruling the motion in arrest of judgment, and the said judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.