EDWIN CARTER et al., Appellants, v. I. I. NICOL et al.

Liquor Sale Permit:   APPLICATION:   *Location of building.*   Code, sections 2387, 2388, 2392, requires an application for permit to sell liquors to set out the place where the business is to be conducted, and that the published notice should particularly state the location of the place where the business is to be carried on, and that the permit, when issued, shall specify the building, and give the street or number or location in which intoxicating liquors are to be sold.   A druggist procured a permit for the sale of liquors on a certain lot and block in a city addition, and thereafter purchased a building immediately north of the lot specified in the permit, into which he moved his pharmacy, and from which he made sales of liquor.   *Held,* that, the latter building being situated on another lot, the permit did not cover such building, and the sales there were illegal.

SURETY ON BOND:   *Not liabel if sales occur in building not specified in permit.*   Code, section 2390, requiring a liquor dealer's bond, provides that the same shall be conditioned that he will obey the laws in relation to the sale of such liquors, and that he will pay all fines, penalties, damages, etc.; and section 2392 requires that the permit shall specify the building, and give the street or number or location where liquors are to be sold.   *Held,* that the sureties' liability was based on the maintenance of the business in the locality specified in the permit, and that they were therefore not liable for wrongful sales in an adjoining building.

**Principal and Surety:** SUIT ON BOND: *Recovery against principal alone.* Where an action was brought on a liquor dealer's bond alone, and it was determined that no recovery could be had on the bond, no recovery could be sustained against the dealer individually.

*Appeal from Iowa District Court.*—HON. M. J. WADE, Judge.

TUESDAY, MAY 13, 1902.

ACTION to recover forfeitures on sales of intoxicating liquors to minors and persons in the habit of becoming intoxicated. Judgment for defendants. The plaintiffs appeal.—*Affirmed.*

*C. M. Brown* for appellants.

*Hedges & Rumple* and *J. D. Butler* for appellees.

LADD, C. J.—By amendments to the petitions filed April 24 and June 12, 1900, the plaintiffs elected to proceed against Ira I. Nicol, and sureties upon his bond as a pharmacist, for the use and benefit of the school fund; basing their action on alleged illegal sales of intoxicating liquor to minors and persons in the habit of becoming intoxicated. The permit of Nicol was issued in 1890, and authorized him to buy, keep and sell liquors for lawful purposes at his pharmacy, on lot 4 in block 4 in Leonard's addition to New English. The bond described the building in which the bsuiness was to be carried on as on the same lot. It developed on the trial that Nicol occupied this building for about two years, and then, having purchased the one immediately north of it, moved his pharmacy into that, and there the sales complained of were made. The latter building is situated on lot 5 of said block, which it probably covers. Whether it stands over on lot 4 three or four feet is extremely doubtful. A witness testified that it

does, but based his statement on examination of the records, plat, and the situation of other buildings, without ascertaining the location of the corners as they actually existed, or making any measurements. Such estimates are of little value. But whether slightly over the line or not is immaterial. The statute requires the application for a permit to set out "the place where the business is to be conducted," and the published notice thereof to indicate "the particular location of the place where the business is to be carried on" and the permit, when issued, to "specify the building, give the street or number or location in which intoxicating liquors may be sold." See sections 2387, 2388, 2392, Code. The precise place must be disclosed, and evidently the building first occupied was as accurately described, for all practical purposes, as these statutes exacted. In that building, and not in one situated on lot 5, he proposed to, and was authorized to carry on the business. If he did so elsewhere, the permit furnished no protection. Sales in the building on lot 5 were illegal, as contended by appellees, whether made to minors, persons in the habit of becoming intoxicated, or others.

II. Sales of intoxicants made elsewhere than in the place specified in the permit, while the permit holder continues business in such place, will undoubtedly constitute a breach of the conditions of his bond. Having large quantities of liquor lawfully in his possession, the evident design of the statute requiring a bond is to guard against any abuse of his trust in disposing of them anywhere illegally, and to provide indemnity for those who may suffer injury should he undertake to do so. This appears from the language of section 2390 of the Code, providing that the bond shall be "conditioned that he will well and truly observe and obey the laws of the state now or hereafter in force in relation to the sale of intoxicating liquors, that he will pay all fines, penalties, damages and costs that may be assessed and recovered against him for a

violation of such laws during the time for which the permit is granted, and the principal and sureties in said bond shall be liable thereon, jointly and severally, for all civil damages and costs · that may be recovered against the principal in any action brought by a wife, child, parent, guardian, employer or other person under the provision of this chapter." He cannot use his pharmacy as a base of supply for the illegal sales elsewhere without incurring liability on his bond. It does not follow, however, that the bond has any relation to business carrried on in another place after the permit holder has ceased to conduct business in the locality authorized. In that situation, the permit held would furnish him no protection under which to buy, keep or sell. No trust is then reposed in him, and the ground for exacting a bond no longer exists. The basis of the surety's liability is the proposition that, in maintaining the business in a specified locality, obedience to the law shall be observed. When that business has ceased, the obligation is at an end. True, Nicol moved no further than the building on the next lot; but, in principle, the change was as complete as though it had been to another portion of the town, or a distance of 100 miles. See chapter 57, Acts Twenty-seventh General Assembly. As the action is on the bond alone, no recovery may be had against Nicol individually.—AFFIRMED.