ELIZABETH SAFFROI v. S. W. COBUN ET AL.

Decided April 13, 1903.

**Intoxicating Liquors—License—Change of Place—Liability of Sureties on Bond.**

Where a liquor dealer's license, issued on the giving of the statutory bond, designated a certain street corner as the place where the business would be carried on, and the dealer, by false statements to the county clerk, induced him to change the place named in the license to another corner, at which latter place he engaged in the business, the bond was not binding on the sureties, as to sales at the latter place, since the statute requires that the particular place at which liquor is to be sold shall be designated in the license, and further provides that the selling of liquor at any other place designated in the license shall be a penal offense. Rev. Stats., arts. 5060c-5060e; Penal Code, arts. 411a, 411b.

Error from the District Court of Dallas. Tried below before Hon. Richard Morgan.

*P. A. Sidell* and *Curtis Hancock,* for plaintiff in error.

*J. J. Eckford* and *T. L. Camp,* for defendants in error.

BOOKHOUT, ASSOCIATE JUSTICE.—Plaintiff in error instituted this suit in the District Court of Dallas County against defendants in error, S. W. Cobun, as principal, and S. T. Morgan and Dallas Brewery,

a corporation, as sureties upon a liquor dealer's bond given by said Cobun as principal and Morgan and Dallas Brewery as sureties, alleging that said Cobun did engage in the sale of intoxicating liquors to be drunk on the premises at the corner of Main street and Trunk Railroad in the city of Dallas, State of Texas, and executed a liquor dealer's bond therefor, and there was issued to him a license to sell intoxicating liquors to be drunk on the premises at said place, on the corner of Main street and the Trunk Railroad in the city of Dallas, Texas; that afterwards, on the 1st day of June, 1900, said license was transferred by said Cobun presenting same to the clerk of the County Court of Dallas County, Texas, the intent being to transfer the same to a new place, to wit, the corner of Elm and Preston streets in the city of Dallas, Texas, but by mistake of the clerk or on account of a false, misleading or deceitful representation of the licensee, the transfer was made to the corner of Pearl and Elm streets, instead of to the corner of Elm and Preston streets; and that thereafter said Cobun did pursue his said business of selling intoxicating liquors to be drunk on the premises at the place on the corner of Elm and Preston streets, in the city of Dallas, State of Texas. The acts claimed by plaintiff to be infractions of the bond were sales made by Cobun to her husband, Ernest Saffroi, who was alleged to be an habitual drunkard, at the place on the corner of Elm and Preston streets, in the city of Dallas, Texas, while there engaged in said occupation.

The defendants answered by general demurrer and special exceptions, and a general denial and special answers. The court sustained special exceptions numbered 3 and 3½, and thereafter sustained defendants' general demurrer. Plaintiff having declined to amend, the cause was dismissed, and judgment entered to that effect, to which plaintiff excepted, and prosecuted a writ of error to this court.

The special exceptions sustained by the court are to the effect that the obligees in the bond are not liable to plaintiff, for that it is shown by the petition that the bond sued upon and the license issued thereon designated Main street and the Trunk Railroad in the city of Dallas as the place where S. W. Cobun & Co. were to conduct their business, and that said place designated in said license was afterwards changed to the corner of Pearl and Elm streets in the city of Dallas, and it further affirmatively appears that the acts complained of in the petition as constituting a breach of said bond occurred at a place other and different from Main street and the Trunk Railroad or Elm and Pearl streets in the city of Dallas, Texas.

By the terms of article 5060e of the Revised Statutes of Texas, it is provided, among other things, that: "The particular place and house in which the liquors are to be sold shall be designated in the license, and no license shall authorize any person to sell spirituous, vinous or malt liquors, or medicated bitters, at any other place or house than that designated in the license; provided, that if any person or association of persons having a license to sell such liquors, desires to change his or

their place of business, such change may be made by presenting the license to the clerk of the county, and having a new place of business inserted therein, but in no case to admit of the temporary closing of one place of business to sell at another place." Article 411b of the Penal Code stipulates that: "Any person or persons who shall sell spirituous, vinous or malt liquors, or medicated bitters, in quantities not authorized by his or their license, or who shall sell in any other place than that designated in the license, or who shall sell otherwise than authorized by the license, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined in any sum from fifty to one hundred dollars, or imprisoned in the county jail from ten to thirty days, in the discretion of the jury." The Court of Criminal Appeals have held that it is an offense against this law to sell intoxicating liquors under a license for selling such intoxicants in any other place than that set out in the license. Travis v. State, 37 Texas Crim. Rep., 486, 36 S. W. Rep., 589. Plaintiff in error insists that as the county clerk was induced by "false, misleading or deceitful representations" to insert in the license "the corner of Elm and Pearl streets" instead of "Elm and Preston streets" as the place where the licensee was to carry on the business of selling intoxicating liquors the bond was binding on the sureties. This contention is not tenable. If S. W. Cobun & Co., the licensees, fraudulently induced the county clerk to insert the "corner of Elm and Pearl streets" instead of the "corner of Elm and Preston streets" as the place where they intended to carry on the business, and the clerk, relying on their statements and representations, made the change in the license to the corner of Elm and Pearl streets, such license would not protect S. W. Cobun & Co. from pursuing said business of selling intoxicating liquors in quantities of less than one gallon to be drunk on the premises at another and different place. In other words, if S. W. Cobun & Co. by "false, misleading and deceitful representations" made to the county clerk to induce said clerk to change the place designated in the license for conducting their business from Main street and the Trunk Railroad to the corner of Elm and Pearl streets in the city of Dallas, said license, so changed, would not protect them in the business conducted by them at the corner of Elm and Preston streets in the city of Dallas—a place distinct and different from Elm and Pearl streets in said city. The record does not disclose the purpose of the licensees in making said fraudulent representations, and causing their license to be transferred to Elm and Pearl streets, instead of to Elm and Preston streets, in the city of Dallas, Texas. For all that appears in the record, it may be that the licensees conducted a business at both the corner of Elm and Pearl streets in the city of Dallas and at the corner of Elm and Preston streets in said city. However this may be, the statute provides that the license shall state the particular place and house in which the liquors are to be sold. As stated, it is made an offense punishable by fine or imprisonment to conduct a business at a place other than that designated in the license. It is true

32 Civil—6.

that the Supreme Court have held that where the license designated the place of business as "in the city of Gordon, county of Palo Pinto, Texas," the license was not void, and would support a recovery against the obligees in the bond. Green v. Southard, 94 Texas, 470. This case is clearly distinguishable from that case. There it did not appear that the houses were numbered. Nor was there any contention in that case of any fraudulent purpose in having the license name the place where the business was to be conducted.

We conclude that there was no error in sustaining the exceptions to the petition and dismissing the cause. Rev. Stats., 1895, arts. 5060c, 5060d, 5060e, 5060g; Penal Code, arts, 411a, 411b; Carter v. Nichol, 90 N. W. Rep., 352; United States v. Boecker, 88 U. S., 652; Schloss. v. Atchison, T. & S. F. Ry. Co., 85 Texas, 603; Johnson v. Erskine, 9 Texas, 9.

The judgment is affirmed.

*Affirmed.*