ALICE SULLIVAN ET AL., APPELLEES, V. A. RADZUWEIT ET
AL., APPELLANTS.

FILED NOVEMBER 19, 1908.   No. 15,370.

1. Parties: JOINDER. In a suit brought against a licensed saloon-keeper and the surety on his bond, one not a party to the bond cannot properly be joined as a party defendant.

45

**2. Surety Companies:** ACTIONS: VENUE. A surety company organized under the provisions of chapter 23, Comp. St. 1873, is to all intent and purpose an insurance company, and may under our code, sec. 55, be sued in the county where the cause of action or some part thereof arose, or in the county where any contract or portion of a contract entered into by such company has been violated or is to be performed.

**3. Intoxicating Liquors:** ACTION: EVIDENCE. The sale of intoxicating liquors, as well as injury or accident claimed as the result of such sale, may be established by circumstances.

APPEAL from the district court for Platte county: JAMES G. REEDER, JUDGE. *Affirmed in part.*

*A. S. Ritchie* and *W. M. Cornelius,* for appellants.

*John J. Sullivan* and *Louis Lightner, contra.*

DUFFIE, C.                    :

The defendant A. Radzuweit is proprietor of a licensed saloon at Platte Center, Nebraska. The defendant the Metropolitan Mutual Bond & Surety Company is surety upon his bond, and the defendant Louis Stone is the clerk and manager of said saloon. Radzuweit resides at South Omaha, Douglas county, Nebraska, and the principal place of business of the Metropolitan Mutual Bond & Surety Company is Omaha, Douglas county, Nebraska. The plaintiff Alice Sullivan, suing for herself and her three minor children, brought this action in the district court for Platte county, Nebraska, against all of the above named parties to recover damages claimed to have been suffered on account of the sale of intoxicating liquors to her husband, Dennis Sullivan, which, it is alleged, caused his intoxication, in consequence of which he lost control of himself and the team which he was driving, and was thrown from the wagon and instantly killed. The jury returned a verdict for the plaintiff, and from a judgment entered thereon the defendants have appealed and filed separate assignments of error.

The defendants A. Radzuweit and the Metropolitan

Mutual Bond & Surety Company, who were personally served in Douglas county, Nebraska, made a special appearance, and moved to quash the service of summons on them, for the reason that service on them was made in Douglas county, Nebraska; that neither of said defendants were found or served with summons in Platte county, where the action was commenced; and that the defendant Stone, impleaded with them and who was served in Platte county, was not a *bona fide* defendant, and was joined and made a party defendant for the purpose only of laying the venue of the case in Platte county instead of the county of the residence of said Radzuweit and his surety, the Metropolitan Mutual Bond & Surety Company. The court overruled this motion, and this is assigned as error.

The Metropolitan Mutual Bond & Surety Company was organized under chapter 23, Comp. St. 1873, being "An act regulating insurance companies." The purpose for which the corporation was formed and the general nature of the business to be conducted was "to do a general bond and surety business, to guarantee the fidelity of persons holding places of public and private trust, and to become surety on bonds and obligations of persons or corporations, and to become surety on any bond, recognizance or other writing in the nature of a bond, in the same manner that natural persons may do, subject to all the rights and liabilities of such persons, and to do and perform any other acts that are necessary for the promotion of the above described business, and not in violation of law." Section 55 of our code provides that an action against an insurance company "may be brought in the county where the cause of action or some part thereof arose, or in the county where any contract or portion of a contract entered into by such insurance company has been violated or is to be performed." If the bonding company is an insurance company within the meaning of this section of our code, then the action was properly brought against said company in Platte county, where the conditions of

the bond are alleged to have been violated. The defendant company was organized under the provisions of our statute for organizing insurance companies. Its declared business is to guarantee the fidelity of officers and other parties in the performance of their duties, and to be responsible for any violation of contract or statutory duty by the principal for whose conduct it becomes responsible. Such companies are insurance companies by the holding of many courts both state and federal.

*Shakman v. United States Credit Co.*, 92 Wis. 366, 32 L. R. A. 383; *People v. Rose*, 174 Ill. 310, 44 L. R. A. 124; *Tebbets v. Mercantile C. G. Co.*, 73 Fed. 95, 19 C. C. A. 281; *Guarantee Co. v. Mechanics Bank*, 183 U. S. 402; *American Bonding Co. v. Moran*, 80 Ark. 49, 117 Am. St. Rep. 72; *American Credit Co. v. Wood*, 73 Fed. 81, 19 C. C. A. 265, and authorities referred to in note to the opinion; *Van Buren County v. American Surety Co.*, 115 N. W. (Ia.) 24. We concur in the reasoning of the court in the cases above cited, and are satisfied that the business conducted by the defendant company is in its character that of an insurance company, and that an action brought against a company of that kind may be brought, under the provisions of section 55 of our code, in any county where its contract of insurance has been violated. The action being properly brought against the bonding company in Platte county, any party properly joined in said action could be served in any county of this state under the provisions of section 65 of the code. In this view of the case, we have no doubt that the defendants Radzuweit and the bonding company were properly sued in Platte county, but whether the defendant Stone was properly joined in this action must be determined from other considerations.

The action against Radzuweit and the bonding company was to recover on the bond which Radzuweit executed as principal, and the bonding company as surety. It was an action on contract. *Andresen v. Jetter*, 76 Neb. 520; *Carter v. Nicol*, 116 Ia. 519. Stone was not a party

to the bond or contract upon which the action was brought. While liable for the sale of liquors for which the plaintiffs were injured, his liability arose not from any con- tract which he had entered into or assumed, but on account of the statutes of the state. His was a statutory liability, and in no manner contractual. He could not, therefore, be properly joined with the other defendants in an action upon the bond. The judgment against him is not based on any issue made by the pleadings or upon any cause of action stated in the petition. He made proper and timely objection against being joined in the action, and should have been dismissed from the case. The judgment against Stone must be reversed.

The defendants Radzuweit and the bonding company insist that the verdict against them is not supported by the evidence, and they ask a reversal on that account. They did not introduce any evidence, and submitted the case upon the testimony offered by the plaintiff. What- ever facts this evidence tends to prove should be regarded as established; the jury having found for the plaintiff.

It is undisputed that Dennis Sullivan, the husband of the plaintiff and the father of the minors, drove his team to Platte Center in the forenoon of March 8, 1906. About noon he took a train on the Union Pacific Railroad and went to Columbus. At that time he was so intoxicated that a witness who saw him board the train was fearful that he would meet with an accident. Some time in the afternoon he employed a liveryman at Columbus to drive him back to Platte Center. At that time he had some whiskey in a bottle which he offered to parties in the livery barn, and the contents of the bottle were drank and the bottle thrown away. The young man who drove him to Platte Center testified that he drank nothing on the way, and that he had no liquors in his possession so far as he observed. On reaching Platte Center he visited the sa- loon of Radzuweit, and drank two glasses of beer. His brother was in the saloon at the time, and, on account of the intoxicated condition of Sullivan, requested Stone,

who was in charge, not to allow him to have anything to
drink. The testimony is quite conclusive that at this time
he was badly intoxicated. Some time in the evening he
got his team and started for home, which was located
southeast of Platte Center. Some two or three miles south
of Platte Center is a bridge crossing a stream, known as
the "Carrig" bridge. The public authorities had erected
a new bridge across the stream, placing it some 25 or 30
feet west of the old bridge. The new bridge had been
completed and opened for travel on the day of the acci-
dent. The timbers taken from the old bridge had been
piled across the old road to prevent travelers from driving
along the highway where the old bridge had been situated.
The testimony shows that Sullivan drove his team along
the old road, forced it over the obstruction placed therein,
and up to the bank of the stream where the old bridge had
been located; that, on arriving on the edge of the stream,
presumably because the team refused to go further, he
had turned around. The tracks in the old roadway show
that he had made 15 different efforts to back up and turn
his team, had finally succeeded, and then driven back
north about 250 feet, entering the road approaching the
new bridge, which he apparently crossed in safety. About
15 feet south of the new bridge his hat was found, and a
short distance south of this tracks were found in the road-
way, indicating that he had been dragged along the high-
way for some distance. When found, his team was stand-
ing in a cornfield east of the highway. One of his legs
was caught in the doubletree, and shortly after being
found he died. The evidence is sufficient to sustain a find-
ing that he fell from his wagon; that his foot was caught
in the doubletree; that he was dragged some distance with
his head and shoulders upon the road; and that this acci-
dent caused his death. That he was intoxicated when he
left Platte Center for home is beyond dispute. That he
was seen to put a bottle of whiskey in his pocket when
leaving Radzuweit's saloon is not controverted. That

broken glass and the necks of two pint bottles were found in the wagon box is undisputed.

We are satisfied that the evidence fully supports the verdict of the jury, and that the judgment against Radzuweit and the bond company should be affirmed, and that against Stone reversed, he not being proper party to the action, and we so recommend.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed as to Radzuweit and the bond company, but reversed as to Stone.

JUDGMENT ACCORDINGLY.