# FARMERS' STATE BANK OF RELIANCE, Respondent, v. EQUITABLE FIDELITY & TITLE GUARANTY COMPANY et al., Appellants.

## (152 N. W. 512.)

(File No. 3579.  Opinion filed May 10, 1915.)

**1.  Actions—Action on Indemnity Insurance Policy—Venue—Statute.**

A contract of an indemnity company, engaged in guaranteeing fidelity of employees, with an employer to reimburse defendant in a specified amount, for loss of money it may sustain by a dishonest act of the employee during a certain period, **held**, to be within Code Civ. Proc., Sec. 99, Subd. 5, concerning actions on a "policy of insurance," and providing for the trial of such actions in the county or judicial sub-division where the policy is situated.

**2.  Same—Venue—Construction of Statute—Effect of Amendment.**

In determining the venue of an action on a policy of insurance guaranteeing the honesty of an employee of the insured, under Code Civ. Proc., Sec. 99, Subd. 5, giving the venue of an action on a policy of insurance, **held**, that it is immaterial that when said section was originally enacted, in 1887, no such companies were doing business in Dakota Territory, particularly in view of the fact that said statute was re-enacted by Laws 1903, Ch. 199, and by re-enactment of said code in that year, when such companies were doing business in the state.

**3.  Venue—Motion to Change—Action on Indemnity Insurance Policy—Locus of Loss, Necessity of Allegation in Complaint—Showing by Affidavit on Motion.**

Upon a motion to change venue of an action on an indemnity insurance policy, **held;** that the complaint need not allege that the loss occurred in the county in which the action was brought, but such fact may be shown by affidavit on the motion.  Mullen v. Northern Trust Company, 26 S. D. 402, distinguished.

Appeal from Circuit Court, Lyman County.  Hon. WILLIAM WILLIAMSON, Judge.

Action by the Farmers' State Bank of Reliance against the Equitable Fidelity & Title Guaranty Company and another, to recover upon a policy of indemnity insurance.  From an order refusing an application for a change of place of trial, defendants appeal.  Affirmed.

*M. E. Culhane,* for Appellant Equitable Fidelity & Title Guaranty Company.

*Sterling & Clark,* for Appellant Inter-State Surety Company. *Brown & Brown,* for Respondent.

(1) Under point one of the opinion, Appellants cited: Code Civ. Proc., Secs. 101, 102; Laws 1913, Ch. 177; 1 Brandt Suretyship and Guaranty, 3rd Ed., Sec. 15, p. 39; 33 L. R. A. 513 (note); Mullen v. Northern Accident Insurance Company, (S. D.) 128 N. W. 483; George A. Hormel & Co. v. American Bonding Company, 33 L. R. A. (N. S.) 513, 128 N. W. 12.

Respondent cited: Code Civ. Proc., Sec. 99, Subd. 5; Sullivan v. Radzuweit, 118 N. W. 571 (Neb.); 19 Cyc. 516ff; Jordan v. Kavanagh, 18 N. W. 851 (Iowa).

(3) Under point three of the opinion, Appellants cited: Smith v. Smith, (Cal.) 38 Pac. 43; State v. District Court, (Minn.) 139 N. W. 135; Ft. Dodge Coal Co. v. Willis, (Ia.) 32 N. W. 253; 5 Standard Encyclopedia of Procedure 6; Barley v. Fraser, (Cal.) 117 Pac. 683; Jones v. District Court, (Minn.) 99 N. W. 806; Viets v. Selver, (N. D.) 126 N. W. 239; Quint v. Diamond, (Cal.) 67 Pac. 1034; Colorado Fuel & Iron Co. v. Four Mile Ry. Co., (Colo.) 66 Pac. 902; Eddy v. Houghton, (Cal.) 91 Pac. 397; Updegraft v. Lesem, (Colo.) 66 Pac. 342.

McCOY, P. J. This appeal is from an order refusing to grant an application for a change of the place of trial. From the complaint it appears that plaintiff is a banking corporation with its principal place of business at Reliance, this state; that the defendant Equitable Fidelity & Title Guaranty Company is a corporation organized under the laws of this state, having its principal place of business at Brookings; that the defendant Interstate Surety Company is a corporation organized under the laws of this state, having it sprincipal place of business at Redfield; that one M., between the 1st day of July, 1909, and the 30th day of November, 1910, was employed by plaintiff as assistant cashier; that on October 16, 1910, defendant Equitable Fidelity & Title Guaranty Company, in consideration of the said employment of said M. by plaintiff, and in consideration of the payment to it by plaintiff of $12.50, made, executed, and delivered to plaintiff its written obligation whereby said defendant undertook and agreed that it would reimburse plaintiff to the extent of $5,000 for such pecunniary loss of money as plaintiff should sustain by any dishonest act committed by said M. during the time

from July 1, 1909, to July 1, 1910, in the performance of his duties as said assistant cashier, or in any other office or capacity to which plaintiff might appoint him; that while said M. was in the employment of plaintiff, between the 1st day of July, 1909, and the 1st day of July, 1910, he took and converted to his own use $664.40 in money belonging to plaintiff, without plaintiff's will or consent; that demand was made upon said Equitable Company for such loss, and said Equitable Company adjusted and allowed said loss and promised to pay the same; that thereafter, by virtue of an agreement between said Equitable Company and defendant Interstate Surety Company, the said Interstate Surety Company assumed all the liabilities of the said Equitable Company, including said liability to plaintiff.  The summons was served upon the defendant Interstate Surety Company on November 17, 1913, at Redfield, Spink county, and on defendant Equitable Fidelity & Title Guaranty Company on November 24th. On December 8th both defendants joined in the service of demand for change of venue from Lyman county to Brookings county, the place of business of the defendant Equitable Fidelity & Title Guaranty Company, on the ground that said defendant, as a matter of right, was entitled to have said cause tried in Brookings county.  The plaintiff refused to consent to such change of venue, and the defendant Equitable Fidelity & Title Guaranty Company, upon affidavit and the pleadings, made a motion for a change of venue, and the court, by order, refused to change the place of trial.  On the hearing of the motion respondent made showing, by affidavit, that this action is brought upon an insurance policy for loss to the property insured, at the time of its loss, the money and funds of plaintiff in its Bank of Reliance, Lyman county, S. D.

[1] It is contended by respondent that this action is upon an insurance policy within the provisions of subdivision 5, § 99, Code of Civil Procedure, providing that:

"All actions brought on a policy of insurance to recover for loss or damage to the property insured, shall be tried in the county * * * where such property is situated at the time of its loss or damage."

We are of the view that respondent is right in this contention. It seems to be generally held that indemnity corpora-

tions, such as defendant Equitable Fidelity & Title Guaranty Company, engaged for profit in the business of guaranteeing the fidelity of employees, are, to all intents and purposes, insurance companies, and subject to all general laws applicable to insurance companies.    Hormel Co. v. Bonding Co., 112 Minn. 288, 128 N. W. 12, 33 L. R. A. (N. S.) 513, and note; United Fire Insurance Co. v. Bonding Co., 146 Wis. 573, 131 N. W. 994, 40 L. R. A. (N. S.) 661; Sullivan v. Radzuweit, 82 Neb. 657, 118 N. W. 571, 19 Cyc. 516; Tebbets v. Mercantile Co., 73 Fed. 95, 19 C. C. A. 281; Am. Surety Co. v. Pauly, 170 U. S. 133, 18 Sup. Ct. 552, 42 L. Ed. 977; Willoughby v. Fidelity Co., 16 Okla. 546, 85 Pac. 713, 7 L. R. A. (N. S.) 548, 8 Ann. Cas. 603, and note.

In Tebbets v. Mercantile Co., supra, the court said:

"Corporations entering into contracts like the one at bar may call themselves 'guaranty' or 'surety' companies, but their business is, in all essential particulars, that of insurers, who, upon careful calculation of the risks of such business, and with such restrictions of their liability as may seem to them sufficient to make it safe, undertake to insure persons against loss, in return for premiums sufficiently high to make such business commercially profitable.    Their contracts are, in fact, policies of insurance, and should be treated as such.

In Sullivan v. Radzuweit, supra, it is held that such an indemnity company is, to all intents and purposes, an insurance company, within the meaning of a section of a Code of Civil Procedure regulating the place of trial of actions against an insurance company.

[2] Appellant contends that section 99, Code Civl Pr., has no application for the reason that, when section 99 was originally enacted in 1887, there were no such indemnity companies doing business within the then territory of Dakota, and that the territorial legislative mind could not have intended to include such companies, or the insurance policies of such companies, within the provisions of said section 99; but we are of the view that this general section of our statute was and is a continuing law, and is applicable to the policy of any insurance company at the time when any particular action on such policy may be commenced, whether there was any such insurance company in existence at

the time of the original enactment or not. Again in 1903 the Legislature of this state expressly repealed the act of 1887 (chapter 199, Laws of 1903), and then again in the revised Code of Civil Procedure of that year re-enacted the section 99 now under consideration. We certainly had such indemnity insurance companies transacting business in this state in 1903, at which time said section 99 again became an original enactment.

[3] It is also contended by appellant that because it does not appear from plaintiff's complaint that the loss, under the policy described in the complaint, occurred in Lyman county, wherein this action was instituted, the provisions of section 99 are not available to respondent. We are of the view that this contention is not tenable. Such an allegation of fact in the complaint was not necessary. It was sufficient to show the existence of such fact, for the purposes of the motion for change of venue, by affidavit. The decision in Jordan v, Kavanaugh, 63 Iowa, 152, 18 N. W. 851, is directly in point, It is also urged by appellant that this court in Mullen v. Northern Accident Co., 26 S. D. 402, 128 N. W. 483, held that the policy of an accident indemnity insurance company was not within the application of said section 99; but we are of the view that accident or life insurance, where the risk is injury or death to the human being, which may occur outside the boundaries of this state, wherever the insured human being may go, is not and cannot be within the reason of the rule as to locality for the place of trial comprehended within the meaning of said section 99, while, on the other hand, we are of the view that insurance policies, of the class to which the one in question belongs, is within the reason of the rule established by said section 99. Under the view we have taken of this case, it will not be necessary to consider other matters urged by appellants.

The order appealed from is affirmed.