Argued January 11, affirmed February 20, rehearing denied, March 27, 1923.

# STATE ex rel. CRAWFORD *v.* ALMEDA CONSOLIDATED MINES CO.

## (212 Pac. 789.)

**Corporations — Transitory Action Against Corporation must be Brought Where Cause Arose or Where It has Its Principal Office.**

1. Under Section 55, Or. L., a transitory action or suit against a domestic corporation must, unless waived, be brought either in the county where the cause of action arose or in the county where it has its principal office or place of business.

**Corporations—Right to be Sued in Different County Waived by Appearing by Attorney and Filing Demurrer.**

2. The right of a domestic corporation to insist upon its statutory exemption from being sued in a county other than that in which it has its principal office or place of business, or in which the cause of action arose, is a personal privilege that may be waived, and, in view of Sections 542, 1075, Or. L., was waived by voluntarily appearing by attorney and filing a general demurrer to the complaint, and joining in the request for the appointment of a receiver, notwithstanding the rule that jurisdiction cannot be conferred by consent.

**Corporations—Appointment of Receiver Binding When Consented to and Acquiesced in by Corporation.**

3. Where a corporation in a suit for the appointment of a receiver for it consented to the appointment, and ever thereafter acquiesced therein, the appointment was binding upon it and upon every stockholder thereof.

**Corporations—Under Statute, Court Authorized to Appoint Receiver on Sole Ground That Corporation Insolvent.**

4. Under Laws of 1913, page 676, Section 21, prior to its amendment by Laws of 1915, page 495, the court was authorized to appoint a receiver for an insolvent corporation on the sole ground that it was insolvent in a suit brought by the Attorney General on request of the corporation commission.

**Corporations—Stockholder Held Barred by Laches from Objecting That Complaint on Which Receiver Appointed Did not Allege Particular Statutory Prerequisite.**

5. Where, in a suit for the appointment of a receiver under a statute (Laws 1913, p. 676, § 21) designed to protect the public from the purchase of worthless stock and other securities of insolvent corporations, the corporation joined in the application for

---

3. Appointment of receiver when consented to and acquiesced in by corporation, see note in 20 L. R. A. 213.

the appointment of a receiver, and, though demurring to the complaint, never insisted on a hearing on the demurrer, and a receiver was appointed and the property of the corporation sold to a new corporation whose stockholders could not be placed *in statu quo*, and large sums of money have been expended in reliance on the validity of the order and the proceedings in such suit, a stockholder *held* barred by his laches, neglect and delay from objecting ten years after the appointment and nearly seven years after the sale that the petition did not allege that the Attorney General before suing made an examination and found therefrom that the facts as presented to him by the corporation commission were substantiated as required by the statute.

From Josephine: F. M. CALKINS, Judge.

In Banc.

AFFIRMED.   REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. Paul C. Dormitzer.*

For respondent there was a brief and oral argument by *Mr. L. E. Crouch* and *Mr. W. P. La Roche, Amici Curiae.*

RAND, J.—The defendant, Almeda Consolidated Mines Company, an Oregon corporation, was organized in July, 1905. Its principal office and place of business was in Multnomah County, Oregon. Its property consisted of mining claims in Josephine County, Oregon. In August, 1913, it became financially involved and numerous suits were pending or threatened against it. Its affairs were investigated by the corporation commissioner of the state, and he, after a consultation with its managing officers and the Attorney General of the state, decided that a permit should not be granted for any further sale of the company's stock, and requested the Attorney General to commence suit for the appointment of a receiver of its assets and property. Thereupon this suit was brought in the name of the state, on rela-

tion of the corporation commissioner and the Attorney General.

The complaint was filed in the Circuit Court for Josephine County on August 19, 1913, and alleges that the corporation commissioner had made a careful examination of the affairs of the company and had found the corporation to be in imminent danger of insolvency, and prayed for the appointment of a receiver of its property and assets. Summons was regularly issued but not served. On the day that the complaint was filed, Mr. A. C. Hough, an attorney of this court, who had represented the defendant corporation in other litigation, was employed by the managing officers of said corporation to appear in said suit as attorney for said corporation and was directed to consent, on behalf of the corporation, to the appointment of a receiver as prayed for in the complaint. Acting under his said employment, he appeared and filed a general demurrer to the complaint and joined with the state in requesting the appointment of a receiver. The court thereupon appointed Thomas S. Burley as receiver of the assets and property of said corporation. Burley, at the time, was the president of the corporation.

Subsequently such proceedings were had in the suit that an order or decree was made and entered authorizing and directing the receiver to sell the property of said corporation, and pursuant to said order the receiver did sell the property of said corporation to Nat P. Ellis and C. H. Huddle, for the sum of $224,812.88. The sale was duly confirmed on July 27, 1916.

By mesne conveyances the title to the mining property of the defendant corporation passed to and has become vested in another corporation known as

the Almeda Mines Company, and this latter company is not a party to these proceedings. Presumably the receiver has been discharged and the moneys realized from the sale disbursed, although the record is silent in that respect. A large number of the shares of stock of the latter company has been issued and sold, and in reliance upon the sale large expenditures have been made. It was claimed in the argument that no less than 95 per cent of the stockholders in the new company were stockholders in the old company, and that the remaining stockholders of the new company acquired their stock by purchase. It is obvious that nothing can be done to place any of these parties *in statu quo*.

Four years after the confirmation of sale, and on July 29, 1920, Paul C. Dormitzer, claiming to be a stockholder of the defendant company, filed a petition in the court below to vacate and set aside the order appointing the receiver and all other proceedings had in the suit since the filing of the complaint herein; and from an order denying and dismissing his petition, he has appealed. Various charges of fraud are alleged in the petition, but no evidence was given or offered on the trial to support these charges or which tends in the slightest degree to support the charge of fraud against anyone connected with any of the proceedings herein.

Dormitzer's contentions are that the Circuit Court was without jurisdiction to appoint a receiver because (1) the suit was not commenced in Multnomah County, where the defendant corporation had its principal office and place of business, but in Josephine County, and, it having been brought in the wrong county, that the court did not have and could not acquire jurisdiction by consent of the parties, and

(2) a receiver for an insolvent corporation cannot be appointed in this state upon the sole ground of insolvency.

1, 2. It is prescribed by statute (Section 55, Or. L.) and it has always been held in this state, that a transitory action or suit against a domestic corporation must, unless waived, be commenced either in the county where the cause of action arose, or in the county where it has its principal office or place of business: *Holgate* v. *Oregon Pac. Ry. Co.*, 16 Or. 123 (17 Pac. 859); *Bailey* v. *Malheur Irr. Co.*, 36 Or. 54 (57 Pac. 910); *Winter* v. *Union Packing Co.*, 51 Or. 97 (93 Pac. 930); *Cunningham* v. *Klamath Lake R. Co.*, 54 Or. 13 (101 Pac. 213, 1099). But the rule is equally well settled that the right of a domestic corporation to insist upon its statutory exemption from being sued in a county other than that in which it has its principal office or place of business, or the cause of action arose, is a personal privilege that may be waived, and that when a corporation is sued in a wrong county the exemption or immunity from suit in that county is waived by its voluntary appearance in such suit: *Winter* v. *Union Packing Co., supra; Brown* v. *Deschutes Bridge Co.*, 23 Or. 7 (35 Pac. 177). See also Thompson on Corporations, §§ 3203–3206; *Central Trust Co.* v. *McGeorge*, 151 U. S. 129 (38 L. Ed. 98, 14 Sup. Ct. Rep. 286, see, also, Rose's U. S. Notes); *First National Bank of Charlotte* v. *Morgan*, 132 U. S. 141 (33 L. Ed. 282, 10 Sup. Ct. Rep. 37).

When the defendant corporation was sued in Josephine County it did not insist, as it might have done, upon its statutory exemption from being sued in that county, but, on the contrary, it voluntarily appeared by attorney and filed a general demurrer to

the complaint and joined with the state in requesting the appointment of a receiver, thereby bringing itself within the latter rule. A corporation cannot appear in any action, suit or proceeding except by attorney (Section 1075, Or. L.), and a defendant appears when he answers, demurs or gives the plaintiff written notice of his appearance: Sec. 542, Or. L.

3. By voluntarily appearing in the suit the defendant corporation waived its right to insist that the suit had not been brought in the proper county and the court acquired full and complete jurisdiction of the person of the defendant corporation and of the subject matter of the suit. It therefore had full and complete jurisdiction to appoint a receiver. Since defendant consented to the appointment, and has ever since acquiesced therein, the appointment is binding upon the corporation and upon every stockholder thereof.

The argument that parties, by consent, cannot confer jurisdiction upon a court, is inapplicable. Under the Constitution and laws of the state, that court had jurisdiction to appoint a receiver in a proper case. Its jurisdiction to appoint a receiver in this case was not conferred by, but existed independently of, any stipulation, consent or waiver of the parties. Defendant's voluntary appearance merely brought the defendant within the existing jurisdiction of the court. It was not a case where the parties consented to the exercise of a jurisdiction over a case or class of cases not within the jurisdiction of the court and which the court had no power to hear and determine.

4. The contention that the court had no jurisdiction to appoint a receiver of the assets and property of the defendant corporation, upon the sole ground that the corporation was insolvent, cannot be sustained under the particular facts of this case. This suit

was brought and the appointment made under the provisions of Section 21, Chapter 341, Laws of 1913, which, until amended by Chapter 324, Laws of 1915, read as follows:

"Whenever it shall appear to the Corporation Commissioner that the assets of any investment company or stock broker doing business in this State are impaired to the extent that such assets do not equal its liabilities, or that it is conducting its business in an unsafe, inequitable or unauthorized manner, or is jeopardizing the interest of its stockholders or investors in stocks, bonds, or other securities by it offered for sale, or whenever any investment company or stock broker shall fail or refuse to file papers, statements or documents required by this act, without giving satisfactory reasons therefor, said Corporation Commissioner shall at once cancel its permit and if he shall deem advisable shall communicate such facts to the Attorney General, who shall thereupon at once make an investigation, and if the facts as presented to him by the said corporation Commissioner are substantiated, he shall thereupon apply to a court of competent jurisdiction for the appointment of a receiver to take charge of and wind up the business and affairs of such investment company or stock broker, and if such fact or facts be made to appear it shall be sufficient evidence to authorize the appointment of a receiver and the making of such orders and decrees in such cases as equity may require."

In cases coming within its provisions, this statute expressly authorized the appointment of a receiver of an insolvent corporation. The statute has since been amended, and this power has been withdrawn. But as the appointment was made under its authority, and at a time when it was in full force and effect, the appointment must be sustained.

Independently of this statute, it has always been held in this state that under Section 1108, Or. L.,

courts do not have the power to appoint a receiver of an insolvent corporation upon the sole ground that the corporation is insolvent, and "that receivership proceedings belong to a class of remedies which are wholly ancillary or provisional, and in aid of the primary object of the litigation, and are not permissible as the sole and primary object of the suit; that is, where the suit is instituted wholly for that purpose, unless authorized by statute." *Anderson* v. *Robinson,* 63 Or. 236 (127 Pac. 546); *Stacy* v. *McNicholas,* 76 Or. 167 (144 Pac. 96, 148 Pac. 67.) See also *Cook* v. *Leona Mills Lumber Co.,* 106 Or. 520 (212 Pac. 785), on this day decided. But as this was not a suit between private parties, but was one prosecuted in the name of the state by the officers of the state specially authorized thereto by the plain provisions of the statute above quoted, the general rule applicable under Section 1108, Or. L., is inapplicable.

Every question involved upon this appeal, except the one hereinafter referred to, was raised and decided adversely to the petitioner's present contentions in the case of *Drew et al.* v. *Burley et al.,* decided by the District Court of the United States for the District of Oregon, on May 17, 1920, some two months before Dormitzer filed his petition herein. The opinion of the court in deciding that case does not seem to have been published, but a copy, admitted to be a true copy thereof, is set forth in respondent's additional abstract of record herein. The petitioner Dormitzer was attorney for Drew in that suit, and Burley, the defendant named therein, was the receiver in this suit. The only distinction between the matters in issue in that suit and those involved in this is that this is a direct attack upon the proceed-

ings had in the court below, while in that suit the attack was a collateral one.

5. Mr. La Roche, as *amicus curiae,* urges that the complaint fails to state facts sufficient to constitute a cause of suit, and therefore the appointment of the receiver was unauthorized and void. He bases this contention upon the fact that although the complaint does state that the corporation commissioner did make an examination of the affairs of the defendant corporation, and did find the corporation to be insolvent, yet it fails to allege that the Attorney General himself made an examination and found from such examination that the facts as presented to him by the corporation commissioner were substantiated, and this, he claims, was a prerequisite under the statute to the bringing of the suit.

If this objection had been seasonably made, and the objection had been sustained, an amended complaint could have been filed in which all essential jurisdictional facts could have been alleged, and the error in the appointment, if there was error, would have been cured. This objection has never been raised before. And it has never been presented to the lower court for determination. It is now made for the first time, nearly ten years after the receiver was appointed, and nearly seven years after the property was sold and the sale thereof confirmed. It is raised upon a petition that was not filed until July 29, 1920, and is the first and only direct attack ever made against the validity of the order appointing the receiver or any proceedings had thereunder.

As heretofore stated, the receiver was appointed in a suit brought in the name of the state by the officers of the state in conformity to the provisions of a statute designed to protect the public from the purchase of worthless stock and other securities of insolvent

corporations. The statute expressly authorized the appointment of a receiver in cases coming within its provisions. The court, therefore, had jurisdiction and power to appoint a receiver if the allegations of the complaint were sufficient to bring the case within the provisions of the statute. The defendant corporation appeared and filed a general demurrer to the complaint, and at the same time joined with the state in its application for the appointment of a receiver. The record fails to disclose that any action was taken on the demurrer or that the defendant corporation ever insisted upon the demurrer being heard. The defendant corporation not only consented to the appointment of the receiver, but has ever since acquiesced in such appointment, and has never made any objection thereto. The property involved in these proceedings has passed from the control of the defendant corporation and the title is now vested in another corporation. Large sums of money have been expended in reliance upon the validity of the order and proceedings had and made in the suit and upon the acquiescence therein by the stockholders of the defendant corporation. During all of this time, neither Dormitzer, nor any other person, made any effort to secure any relief, either in the court below or through the corporation itself. The record fails to show that Dormitzer or any other stockholder ever requested the officers of the defendant corporation to commence any proceedings or to take any steps to bring about a revocation of the order appointing the receiver or to test the sufficiency of the complaint. During all of this time, Dormitzer, with full knowledge of all of the proceedings, has slept upon his rights and has failed and neglected to object to any of these proceedings. He has permitted the condition of affairs now exist-

ing to be brought about by his own neglect and laches. Not only has the property of the corporation been sold and the sale confirmed, but large expenditures have been made in reliance thereon. A new corporation has been organized, its stock has been issued and the stock has passed into the hands of parties for value. These parties cannot be placed *in statu quo*. The objection, therefore, comes too late. It should have been raised in the court below, at a time when, if sustained, the rights of innocent parties would not have been defeated. To sustain an objection at this time to the sufficiency of the complaint would result in loss to numerous parties who have relied upon, and had a right to rely upon, the orders and decrees of the Circuit Court. Because of Dormitzer's laches, neglect and delay, in not seasonably presenting this objection to the lower court, if it is an objection, we hold that he ought not now to be permitted to urge it.

For these reasons the decree appealed from will be affirmed.          AFFIRMED.   REHEARING DENIED.

BROWN, J., took no part in the consideration or decision of this case.