Submitted November 4; on petition for alternative writ of mandamus, writ denied December 17, 1929

STATE EX REL. NORTHERN LIFE INSURANCE CO. v. H. D. NORTON, JUDGE.

(283 Pac. 12)

386

For the plaintiff, *Messrs. Lord & Moulton.*
For defendant, *Mr. A. C. Hough.*

COSHOW, C. J. Petitioner relies on the case of *Power Manufacturing Co. v. Saunders,* 274 U. S. 490 (71 L. Ed. 1165). In that case the supreme court of the United States held that a statute of similar import as § 44, O. L., discriminated against a foreign corporation authorized to do business in the state of Arkansas. In that state a domestic corporation must be sued in the county in which it maintains an office or has a place of business. Power Manufacturing company, the foreign corporation sued, had established a fixed place of business in the state of Arkansas and otherwise complied with the laws of that state authorizing it to do business therein. Its office was in Stuttgart, Arkansas county, state of Arkansas. It neither had an agent or office in any other county in the state. The action was brought in Saline county, Arkansas, and service of summons was made on Power Manufacturing company, the defendant, on its designated agent in Stuttgart, Arkansas county, Arkansas. The plaintiff in said action recovered judgment in the circuit court and appeal was taken to the supreme court of Arkansas, where the judgment was

affirmed. The action was then taken to the supreme court of the United States by writ of error.

"The Arkansas statutes require actions of this character, if against a domestic corporation, to be brought in a county where it has a place of business or in which its chief officer resides, and, if against a natural person, in a county where he resides or may be found; but they broadly permit such actions, if against a foreign corporation, to be brought in any county in the state.    *    *    *

"By a timely motion to dismiss the defendant objected to being sued in Saline county and assailed the validity of the statutes, in so far as they permit a foreign corporation to be sued in a county where it does no business and has no office, officer, or agent, on the ground that they are unreasonably discriminatory and arbitrary, and therefore in conflict with the equal protection clause of the 14th amendment to the constitution of the United States. The court of first instance upheld the validity of the statutes and accordingly overruled the motion; and the supreme court approved that ruling.

"Thus the statutes were applied as permitting the defendant, a foreign corporation doing business in one county, to be sued in another county, where it did no business and had no office, officer or agent, on a cause of action which arose in the former.    *    *    *

"It is conceded that the statutes neither permit a domestic corporation to be sued in a county in which it does no business and has no office, officer or agent, nor permit a natural person to be sued in a county in which he does not reside and is not found. On the contrary they confine the admissible venue as to both to counties in which the defendant is present in one of the ways just indicated. But a foreign corporation is differently treated. If it be present in a single county, as by having a place of business there, it is made subject to suit not merely in that county, but in any of the seventy-four other counties, although it be not present in them in any sense.

"We think it very plain that the statutes discriminate against foreign corporations and in favor of domestic corporations and individuals, and that the discrimination is not theoretical merely, but real and substantial. * * *

"Here the separate classification of foreign corporations is in respect of the venue or place of bringing transitory actions. The statutes mean foreign corporations doing business within the state by her permission, and therefore having a fixed place of business therein and a resident agent on whom process may be served. We speak only of them. So far as their situation has any pertinence to the venue of transitory actions it is not distinguishable from that of domestic corporations and individuals. Certainly there is no substantial difference. The opinion of the state court does not point to any relevant distinction, nor have counsel suggested any. Of course, the restricted venue as to domestic corporations and individuals is prompted by considerations of convenience and economy; but these considerations have equal application to foreign corporations. So far as the plaintiffs in such actions are affected, it is apparent that there is no more reason for a state-wide venue when the action is against a foreign corporation than when it is against a domestic corporation or a natural person. So we conclude that the special classification and discriminatory treatment of foreign corporations are without reasonable basis and essentially arbitrary.

"The state court put its decision on the ground that venue is a question of procedure which the state may determine; and counsel for plaintiff advance the further ground that the defendant impliedly assented to the venue provisions by seeking and obtaining permission to do business within the state, the provisions being then on the statute book. But neither ground can be sustained.

"It of course rests with the state to prescribe the venue of actions brought in her courts. But the exercise of this power, as of all others, must be in keeping

with the limitations which the constitution of the United States places on state action. * * *

"The contention advanced by counsel for the plaintiff that the defendant impliedly assented to the venue provisions is answered and refuted by repeated decisions holding that a foreign corporation by seeking and obtaining permission to do business in a state does not thereby become obligated to comply with or estopped from objecting to any provision in the state statutes which is in conflict with the constitution of the United States": *Power Manufacturing Co. v. Saunders*, above, 17 L. Ed. 1165, 1167-9.

The essence of the decision is that a foreign corporation, which has complied with the laws of a state and thereby became authorized to transact business in that state, must be treated, in so far as actions and suits are concerned, substantially as domestic corporations. For the purpose of being sued a foreign corporation authorized to transact business in a state is in effect a domestic corporation. I do not understand that said § 44, O. L., is thereby nullified. The opinion in *Power Manufacturing Co. v. Saunders*, above, expressly limits the effect of the decision therein to foreign corporations which have complied with the laws of the state regulating the conditions and terms upon which they may transact business in the state. In other words, in order for the plaintiff to maintain a transitory action or suit against a foreign corporation authorized to do business in this state it must get service or summons on such foreign corporation as prescribed in subd. 1, § 55, O. L., which reads as follows:

"The summons shall be served by delivering a copy thereof, together with a copy of the complaint prepared and certified by the plaintiff, his agent or attorney, or by the county clerk, as follows:

"1. If the action be against a private corporation, to the president or other head of the corporation, sec-

retary, cashier, or managing agent, or in case none of the officers of the corporation above named shall reside or have an office in the county where the cause of action arose, then to any clerk or agent of such corporation who may reside or be found in the county, or if no such officer be found, then by leaving a copy thereof at the residence or usual place of abode of such clerk or agent.''

The question presented to this court involves the application of the 14th amendment to the federal constitution. It is a federal question and this court is controlled by the construction placed thereon by the United States supreme court.

It is recited in the opinion in the case of *Power Manufacturing Co. v. Saunders* that timely motion was made by defendant in that action to dismiss said action because it was not subject to trial in the county in which the action was pending. In this state we have a statute which prescribes that if the action be commenced in the wrong county it may be changed.

''The court or judge thereof may change the place of trial, on the motion of either party to the action, when it appears from the affidavit of such party, or, if he is not a resident of the county, the affidavit of any one on his behalf,—

''1. That the action has not been commenced in the proper county; * * * '': § 45, O. L.

The usual method of proceeding where a case has been commenced in the wrong county and the defendant summoned to a court having no jurisdiction over it is by motion to quash the summons and to dismiss the action. In the instant case defendant moved for a change of venue. After that motion was denied defendant demurred on the ground that the court was without jurisdiction over the person of defendant. The demurrer was overruled and then defendant filed a

plea in abatement on the same ground. A demurrer to the plea in abatement was sustained. Whereupon defendant answered and went to trial. It has been generally held in this state that where a defendant answered to the merits he waived objection to the place of trial: *State ex rel. Crawford v. Almeda C. M. Co.*, 107 Or. 18 (212 P. 789), and cases therein cited; *Williams v. Seufert Bros. Co.*, 96 Or. 163, 171 (188 P. 165, 189 P. 636).

The case of *Power Manufacturing Co. v. Saunders*, above, is in point. There the defendant moved to quash the summons and to dismiss because the action was begun in the wrong county. Thereupon defendant answered, and the case was tried to a jury. A verdict was returned against defendant from which it appealed to the supreme court of the state of Arkansas. The judgment rendered against defendant in the trial court was affirmed. Whereupon the case was taken to the supreme court of the United States by certiorari. The supreme court of the United States retained jurisdiction and reversed the judgment of the supreme court of Arkansas, notwithstanding defendant had pleaded to the merits and tried the case to a jury. In the state of Arkansas a litigant does not waive his right to question the jurisdiction over his person by answering to the merits after presenting his claim by special appearance: *Federal Land Bank of St. Louis v. Gladish*, 176 Ark. 267, 272, 276. In Oregon, as shown above, a defendant does waive the right to question jurisdiction over his person after answering to the merits, although he raised that question by special appearance.

"Answer on the merits, though made after special appearance, and reserving right to object to jurisdiction, is nevertheless a general appearance": Point 1 in syllabi in *Williams v. Seufert Bros. Co.*, above.

The difference in practice in Arkansas and in Oregon is material. The United States supreme court follows the practice of the state from which a case is taken to it for review: 28 U. S. Code Ann., § 724 and notes subjoined.

■ Defendant waived his right to question the venue of the case by answering to the merits. It is not thereby deprived of any right guaranteed by the 14th amendment of the federal constitution. The rights thereby granted to it are personal and may be waived by answering to the merits: *State ex rel. Crawford v. Almeda C. M. Co.,* above. It did waive the right to remove the case from Josephine county to Multnomah county. Hence, the case of *Power Manufacturing Co. v. Saunders,* above, is not controlling. No question was raised there about the practice of the state court. The right of a defendant to question the jurisdiction over his person after he had specially appeared for the purpose of testing that matter had been settled in the state of Arkansas in favor of the defendant. In this state just the contrary rule has been established firmly. Under the federal ruling the supreme court of the United States would follow the practice so thoroughly established in this state, and doubtless would hold that defendant had waived its right to change the, venue.

■ If we could hold that defendant had not waived its right to change the venue, our conclusion would be the same. For if defendant did not waive that right by answering, it has the right of appeal. The rulings of the trial court on the motion to change place of trial, demurrer on ground of lack of jurisdiction over defendant, and plea in abatement on the same ground would be considered on appeal: § 558, O. L. Mandamus will not lie where another adequate remedy is open to peti-

tioner: § 613, O. L.; *Putnam v. Kozer,* 119 Or. 535, 541 (250 P. 625); *Durham v. The Monumental Silver Mining Co.,* 9 Or. 41, 44, 45. An appeal is a plain, speedy and adequate remedy: 38 C. J. 565, § 36; *State ex rel. Burke v. Beveridge,* 112 Or. 19, 23 (228 P. 100); *In re Clark,* 79 Or. 325, 332 (154 P. 748, 155 P. 187).

The writ will be denied.

WRIT DENIED.

RAND, J. I concur with the majority opinion in so far as it holds that a proceeding in mandamus is not a proper way to raise the federal question, but I can not concur in the holding that if there was a federal question involved then the defendant waived the same by filing an answer and going to trial upon the merits in order to prevent a default and judgment against it. I, therefore, concur in the result.