Argued on motion to dismiss May 27; appeal dismissed June 3;
appeal reinstated June 10, 1930; argued on the merits
April 17; affirmed May 19, 1931

# LaFOLLETT *v.* LaFOLLETT

(288 P. 507, 299 P. 299)

*D. C. Lewis* and *John A. Jeffrey,* both of Portland, for appellant.

*J. F. Alexander* and *Guy L. Wallace,* both of Portland, for respondent.

■ COSHOW, C. J. This matter comes on to be heard on motion of defendant and respondent to dismiss the appeal. Plaintiff and appellant served a notice of appeal on the 17th day of March, 1930, but never served an undertaking on appeal. Appellant filed an undertaking without serving it on respondent. Service of the motion to dismiss was accepted in Multnomah county on the 13th day of May by John A. Jeffrey, one of the attorneys for appellant. The motion with proof of service indorsed thereon was filed in this court on the 14th day of May, 1930. Appellant has not made any request to file an amended undertaking or to excuse his failure to comply with the law. The law requires the undertaking with proof of service indorsed thereon to be filed within 10 days after service of the notice of appeal: § 550, Or. L., subd. 2. Respondent did not discover that an undertaking had been filed in this court until the 7th day of May, 1930.

The motion will have to be allowed and the appeal dismissed.

––––––––

On the Merits
(299 P. 299)

*John A. Jeffrey,* of Portland (D. C. Lewis, of Portland, on the brief), for appellant.

*Guy L. Wallace,* of Portland (J. F. Alexander, of Portland, on the brief), for respondent.

ROSSMAN, J. This is a suit for a divorce wherein the complaint was filed by the husband (appellant) November 26, 1929, in the circuit court of Washington county; he alleged that both parties were residents of that county. The summons and the complaint were served upon the wife (respondent) December 10, 1929, in Multnomah county. Eight days thereafter she appeared specially and moved for a dismissal "upon the ground that there is now pending in the circuit court of Multnomah county, state of Oregon, a suit for divorce between the parties named in this suit * * * as will more particularly appear by reference to the exhibits. * * *" An affidavit of the defendant, attached to the motion as an exhibit, averred that March 13, 1929, she instituted in the circuit court for Multnomah county a suit for a divorce and that subsequently her husband filed an answer to her complaint. January 8, 1930, the motion was overruled. January 25, 1930, this defendant, Mary LaFollett, filed an answer entitled "Answer and Plea in Abatement and Bar," which, in addition to denying the allegations of the complaint which averred that she resided in Washington county and had breached her marital duties, alleged the following by way of abatement: On March 13, 1929, she filed in the circuit court of Multnomah county, a complaint seeking a divorce from this plaintiff; April 23, 1929, her complaint, together with the summons were served upon this plaintiff; March 10, 1929, he, the husband, filed a motion for a change of venue which was denied May 21, 1929; during the

course of the proceedings he resisted, by affidavit and otherwise, her motion for suit money, support money, etc.; he filed a motion to strike from the complaint portions thereof; after this defendant (plaintiff in the suit just mentioned) had filed an amended complaint, he moved for an order to make it more definite and certain; still later he filed an answer to the amended complaint; July 11, 1929, he filed an amended answer; December 5, 1929, this defendant (the wife) filed a supplemental complaint, and on December 16, 1929, he, Charles LaFollett, filed an answer to the supplemental complaint. The plea in abatement, under review, concluded with an allegation that by reason of the aforementioned the circuit court of Multnomah county acquired the necessary jurisdiction, and that hence the Washington county court had no authority to determine the matters set forth in the complaint filed in this suit (in Washington county). January 28, 1930, the plaintiff demurred to the aforementioned plea in abatement for the three following alleged reasons: (1) That the answer did not state facts sufficient to constitute a defense; (2) that the answer showed that the venue of the suit was not in the circuit court of Multnomah county, and (3) that the answer showed that the jurisdiction to determine the cause existed in the circuit court for Washington county. The demurrer was sustained and when the plaintiff declined to plead further the court entered a decree abating the suit. The plaintiff appealed.

An examination of the complaints, that is, of the one filed by the wife in Multnomah county and the other filed by the husband in Washington county, discloses that each sought the divorce on charges of cruel and inhuman treatment, and that each prayed for the custody of the minor children.

■■ It is evident from the foregoing recitals that more than seven months after the appellant was served with the complaint and summons in the suit for a divorce, instituted by his wife in Multnomah county, he commenced a similar suit in Washington county. The circuit court for Multnomah county could adjudicate all of the plaintiff's rights as completely as the circuit court for Washington county. Thus, when the complaint in the second suit was filed there was pending in that court two suits between the same parties to test the same rights. Under the familiar rule, which seeks to save expense to litigants, and unnecessary, embarrassing conflicts between courts, by declaring that the first which acquires jurisdiction shall be permitted to retain it, the circuit court for Washington county properly overruled the defendant's demurrer to the plea in abatement, and sustained her plea when he declined to answer: *Matlock v. Matlock,* 87 Or. 307 (170 P. 528); *Crane v. Larsen,* 15 Or. 348 (15 P. 326); 15 C. J., Courts, p. 1134, § 583, 7 R. C. L., Courts, p. 1067, § 105, and see also *ex parte Bowers,* 78 Or. 390 (153 P. 412) and *Goodnough Merc. Co. v. Galloway,* 48 Or. 239 (84 P. 1049).

■ The service of the complaint and summons in the Multnomah county suit upon the husband, his motion for a change of venue, his motion attacking the form of the pleadings, and his answer to the merits, clearly established the jurisdiction of the circuit court of Multnomah county over both himself and the subject-matter of the suit: *State ex rel. v. Norton,* 131 Or. 382 (283 P. 12); *Hanzlik v. Hanzlik,* 110 Or. 95 (222 P. 1081); *State ex rel. v. Almeda C. M. Co.,* 107 Or. 18 (212 P. 789); *Williams v. Seufert Bros. Co.,* 96 Or. 163 (188 P. 165, 189 P. 636); *Jones v. Jones,* 59 Or. 308 (117 P. 414).

■ If the plaintiff believed that the circuit court of Multnomah county erroneously denied his motion for a change of venue in the cause pending in that court, his remedy was an appeal in that suit, but not in this.

It follows from the foregoing that the decree of the circuit court will be affirmed.

BEAN, C. J., BELT and KELLY, JJ., concur.