DANIEL CARLAND and others, Plaintiffs in Error, *v.* L. HEINE-BORG, Defendant in Error.

*Error to Douglas County.*

1. What service is sufficient to give a court jurisdiction of the parties?
2. What the effect may be of the absence of a material paper from the transcript, or its loss from the judgment roll.

So many of the facts as are necessary to be stated in this case will appear in the opinion of the Court.

*B. F. Dowell, Esq.*, for plaintiffs in error.

*L. F. Mosher, Esq.*, for defendant in error.

WILSON J.    Upon a bill and notice of suit filed in the Circuit Court for Douglas county, there was a return of service as follows:

" I hereby certify that I served this bill and notice, by leaving two copies of said bill and notice at the dwelling house of Daniel Carland in Douglas county with a young white man, residing with the family, over the age of fourteen years, with a request that he hand them to Mr. Carland and Mrs. Carland.

" October 29th, 1861.

" JOHN FULLERTON, *Sheriff*."

There was also a recital in the proceedings of the court of an order directing reference to a master, as follows :   " And it appearing that the respondents have been duly served with notice of this proceeding, and a copy of the bill, etc."   It is also admitted that the original notice, if any there were, has been lost, so that no copy thereof, or other indication of existence appears here.    Upon this record and admission, we are asked to reverse the action of the Circuit Court, and two questions are urged by plaintiffs in error.

1st. Was the return of service of complaint and notice sufficient to bring defendants below into court?

2d. With such a return by Fullerton, and a full recital of proper service of bill and notice, and of default of defendants, is it sufficient to conclude the parties now?

In reference to the first point our attention is called to two positions: That there was no sufficient service; and that no proper person certifies to the service. The *Statutes of* 1855, *page* 86, *section* 29, *clause* 5, provides "in all other cases to defendant personally, or if he be not found to some white person of the family, above the age of fourteen years, at the dwelling house, or usual place of abode of the defendant." It is eminently proper that all reasonable steps are to be taken to bring to the notice of a defendant that proceedings have been instituted against him in a court, and I think it equally proper to hold, that when there has been a substantial compliance with statutory requirements as to service, parties should be required to answer, or be subjected to the burdens of a default. In this case every requisite was literally complied with, except as to the relation sustained by the person with whom the papers were left. The words in the Statutes are: " of the family," and those in the service are: " residing with the family." It would certainly be true that one residing with a family would constitute a member of the household, and for all purposes required for service of such papers, we think he would be of the family, and that the service in this respect would be sufficient. Again, this cause was entitled of Douglas county, addressed to the judge of the proper court of that county, and the return embraces among its certified facts, that service *was made* at the dwelling house of Carland " in Douglas county," and is then signed by *John Fullerton, sheriff.* It is not beyond any reasonable presumption for a court to hold that no other than the sheriff of Douglas county was the person making that certificate. With the return, and the officer before it, the Circuit Court found that said Fullerton was the proper officer; and in view of the facts

Carland *v.* Heineborg.

here, and the record, there is no reason for declaring the service insufficient in this respect. As to the second point, there is no original notice on file, and this transcript contains no copy of such paper, and the question submitted is : With the recitals upon the record in due form, ought the decree of the Circuit Court to be disturbed for the reason that a material paper is not now found among the papers in this cause ? We hold it should not. When this decree was rendered below, there was no other way provided by law for the preservation of the records and papers than the preparation and *filing* of what was called a judgment roll, and the entry of judgment upon the court journal. This preparing of the judgment roll, embracing certain papers, was the duty of the clerk. Our present Code provides especially for a more sufficient security. *Section* 61, *page* 119, *Statute of* 1855, in force at the time of this decree, provided only for attaching together and filing certain papers, of which the notice is one. The better rule would have been, upon the entry of judgment, to have made a full record of the papers constituting a judgment roll. In the absence of such a provision, we must avail ourselves of all due precaution, and by our findings preserve as far as is reasonable and just, all the rights of the parties. If we hold, that, while return of service and the record are properly made, and default properly entered, every paper requisite to perfect the *judgment roll* should be kept constantly on the files of the court, in order that the judgment creditor can enforce his judgment by collection under execution, it would be but a compelling necessity for the creditor to stand guard over the office where the records were kept; and would require courts to insure against the acts of interested persons, who, by the designed abstraction of a single paper, might render trial and judgment unavailing ; an insurance against losses which no court could prevent. It is true that upon this point authorities are conflicting. (*Smith's Leading Cases*, 841–2.) It is essential that courts should have such jurisdiction that parties and their rights shall not be unfairly

dealt with; and when a court has so disposed of its business as to leave no other impression upon us, after due consideration, than the strongest of presumptions that it has properly exercised its authority, neither mere technicality or apparent omission should cause us to disturb a solemn judgment. We think the court below rightly took full jurisdiction and that parties are concluded thereby.

Decree is affirmed.