[ Decided at October term, 1885.]

| 23· | 7 |
| d3Q | 545 |

## *W. H. BROWN *v.* DESCHUTTES BRIDGE CO.

1. CHANGE OF VENUE—CODE, ¿ 45.—Subdivision 1 of section 45, Hill's Code, providing for a change of venue when the action has not been brought in the proper county, does not apply to transitory actions, since in such actions any county where service of summons may be had is a proper county.

2. TRANSITORY ACTIONS—JURISDICTION—CODE, ¿ 62.—In all transitory actions service upon the defendant within the county where the action is brought is essential to the jurisdiction; service in any other county is a nullity, but a voluntary appearance is equivalent to personal service.

Crook County.   Defendant appeals.   Affirmed.

*Fecheimer & Ach,* for Appellant.

*Spriggs & Richardson,* for Respondent.

PER CURIAM.—The defendant is a corporation with its principal office at Albany, in Linn County. The respondent brought an action against it in the circuit court of Crook County, and the summons was served by delivering a copy thereof to the secretary of the appellant in Linn County. The appellant appeared and answered, and afterwards moved to change the venue to Linn County, on the ground that the action had been

---

*Not heretofore officially reported.

commenced in the wrong county. This motion was denied, and upon a trial judgment went for the plaintiff. From that judgment defendant appeals, alleging as error the denial of its motion to change venue.

The action being for damages was transitory, and might be brought within any county within the state where the defendant resided or might be found at the commencement thereof. Subdivision 1 of section 44, Civil Code (Hill's Code, § 45), provides that the court or judge thereof may change the place of trial when it appears that the action has not been brought in the proper county. But this provision, we apprehend, does not apply to transitory actions. In such case it cannot be said that the action has been brought in the wrong county since it may be brought in any county where service of summons may be had.

But in all such cases it is essential to the jurisdiction of the court that service upon the defendants, or some of them, be had in the county where the action is brought; otherwise the court will be without authority to render a valid judgment. In this case the service upon the defendant in Linn County was a nullity. But it voluntarily appeared and filed an answer and contested the case to the end. Such an appearance was equivalent to a personal service: Civil Code, § 61 (Hill's Code, § 62).

There was no error, and the judgment must be affirmed.