BBBBI                                                    BBBB

[Filed January 15, 1889.]

## CHARLES E. DUNHAM, Respondent, *v.* G. SHINDLER & CO., Appellants.

TRANSITORY ACTIONS — JURISDICTION. — All actions not required to be commenced and tried in the county in which the subject of the action or some part thereof is situated, or which are not for a penalty or forfeiture imposed by statute, or are not against a public officer or person appointed to execute his duties for an act done by him in virtue of his office, etc., must be commenced in the county in which the defendants or either of them reside or may be found at the commencement of the action, and the court will not acquire jurisdiction over the person of the defendant unless so commenced.

PARTNERSHIP — How IMPLEADED. — A partnership cannot be sued as such. The names of its members must be set out in the complaint and summons, and a service upon a person not named therein, although certified by the sheriff in his return to be a member of the partnership, is a nullity.

APPEAL from the Circuit Court for the county of Wasco.

*Atwater & Storey*, for Respondent.

*Williams & Williams*, for Appellants.

By the COURT.—This appeal is from a judgment rendered in form by the clerk of said circuit court in vacation.    The respondent filed in the office of the said clerk a complaint against the appellants, designating them as G. Shindler & Co., defendants.    He thereupon issued a summons directed to G. Shindler & Co. as defendants. The summons was in the usual form, requiring the defendants to appear and answer the complaint in the action within ten days from the date of the service of the summons upon them, if served within Wasco County, or if served within any other county of the state, then within twenty days.    The summons, it appears, was sent to the sheriff of the county of Multnomah for service, who returned the same with a certificate thereon indorsed and signed by him, which is to the effect that he served it within said county of Multnomah on the sixteenth day of April, 1888, on the said G. Shindler & Co., by delivering a copy thereof prepared and certified to by him as sheriff, together with a copy of the complaint prepared and certified by George H. Thompson, clerk of Wasco County, to D. W. Shindler, a member of the firm of G. Shindler & Co.    Subsequently, on motion of the respondent's counsel to enter default and judgment, the said clerk proceeded and entered a judgment in favor of the respondent and against G. Shindler & Co. in the said circuit court for the sum of $268.07, to draw interest at the rate of ten per cent per annum, besides $30 as attorneys' fees, and $21 costs and disbursements.

The complaint in the action was upon an alleged agreement of the appellants to pay respondent two promissory notes and interest, executed to the respondent by D. W. and 'E. L. Crop.    The action was a transitory one, and was required by the code to be commenced and tried in the county in which the defendants or either of them resided or might be found at the commencement of the

XVII. OR.—17

action; or if none of the parties resided in the state, the same could be tried in any county which the plaintiff might designate in the complaint. It was not an action in which the summons could be served in any other county than that in which the venue was laid, and the respondent's attorneys should have so understood it. Such a course of procedure is trifling with the administration of justice, and cannot be tolerated. The only object to be gained by such practices is to harass and annoy parties. Any one who reads the code must know that such an action as the one attempted to be commenced herein has to be brought against a defendant where he resides or is found. To send a summons into another county for service, unless the action is local, is contrary to the practice and precedents in this state which have existed for the last twenty-five years, and members of the bar have no excuse for being ignorant upon that subject.

The judgment appealed from is fatally erroneous upon another ground: a partnership cannot be sued as such; the names of its members must be set out in the complaint and summons. That is an old and well-established rule. The respondent could not give the court jurisdiction of the person by having service of the summons made upon a party not named therein, except in the case of substituted service. G. Shindler & Co. were not served by the service upon D. W. Shindler. The sheriff certifying in his return that the latter was a member of said company was no evidence that he was so. It was not the province of the sheriff to find out who the members of the firm of G. Shindler & Co. were. It was his business to serve the persons named defendants in the summons. It is to be hoped that such a course as the one which has been pursued in this case will not again be attempted; it is discreditable to the profession.

The judgment will be reversed.