## C. N. Wilson, Trading as Wilson and Company, Appellant, v. John Griffith and Mary Griffith, Appellees.

### Gen. No. 38,741.

Opinion filed December 30, 1936.

STRAWN & MITCHELL and SIMS & STRANSKY, all of Chicago, for appellant; CHESTER STRAWN, WILBUR A. E. MITCHELL and OTTO W. BERG, of Chicago, of counsel.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, of Chicago, for appellees; JOSEPH B. FLEMING, DAVID FISHER and THOMAS M. THOMAS, all of Chicago, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Plaintiff sued defendants, in the circuit court of Cook county, on a contract for professional services alleged to have been rendered defendants. The suit was filed August 8, 1935, and a summons was served returnable to the third Monday of September, 1935, being September 16, 1935. As defendants did not appear on or before the return day plaintiff caused a default to be entered against them on September 17,

1935, at 10 o'clock a. m. On the same day, at 4:22 o'clock p. m., defendants filed a special appearance; also a motion to quash the service of summons and an affidavit in support thereof. On October 21, 1935, plaintiff filed a motion to strike the defendants' special appearance and motion to quash and affidavit in support thereof, and also filed a petition in support of the motion. On November 29, 1935, plaintiff's motion came on for hearing. The material part of the affidavit in support of defendants' motion to quash the service of summons is as follows:

"Frank J. Hoffman, being first duly sworn, on oath deposes and says that prior to and on August 23, 1935, he resided in the county of Lake, State of Illinois, and that at no time was he a resident of, nor was his place of abode in, the county of Cook.

"Affiant further states that the defendants, John Griffith and Mary Griffith, prior to and on August 23, 1935, did not reside in the County of Cook nor was their place of abode in the said County of Cook, but that they resided in the County of Lake and State of Illinois.

"Affiant further states that a summons issued in the above entitled cause was not served on John Griffith or Mary Griffith by leaving a copy of the same with this affiant in the County of Cook.

"Affiant further states that John Griffith, doing business as John Griffith & Sons, prior to and on August 23, 1935, had his place of business in Lake Forest in the County of Lake and State of Illinois."

The return of the sheriff showed that the summons was served on the defendants on August 23, 1935, by leaving a copy of the same at their usual place of abode in Lake county with F. J. Hoffman, a son-in-law and a person of their family of the age of 10 years or upwards, and informing such person of the contents thereof. Defendants' counsel admitted that

the return was regular; that they would not attack it as they could not impeach it. At the outset of the hearing on November 29, 1935, a lengthy colloquy took place between the trial court and counsel for both sides during which the trial court announced that in his opinion plaintiff selected the wrong venue in which to commence his suit; that as the defendants lived in Lake county plaintiff should have sued them there. Counsel for plaintiff called the attention of the court to the fact that the only issue before the court was whether or not the motion to quash the service of summons should be sustained or overruled, to which the trial court replied that in his opinion any judgment plaintiff might obtain against defendants would be worthless because plaintiff had selected the wrong venue, and that, therefore, he was going to end the proceedings. The trial court thereupon entered the following order:

"This cause coming on to be heard for further hearing on plaintiff's motion filed October 21, 1935, and for hearing on defendants' motion to quash service of summons, and the court having heard the arguments of counsel,

"It Is Hereby Ordered, upon motion of the court, that the order of default taken by the plaintiff in this case on Tuesday, September 17, 1935, at 10:00 o'clock A. M., against John Griffith and Mary Griffith, his wife, be and the same is hereby vacated, and this cause is hereby dismissed for lack of proper venue and for want of jurisdiction of this court over the parties John Griffith and Mary Griffith, his wife, defendants, said parties being residents of Lake County and served in said county;

"And It Is Further Ordered, upon motion of the court, that the service of summons herein against John Griffith and Mary Griffith, his wife, defendants, be and the same is hereby quashed because of wrong venue; and therefore, upon motion of the court, this cause

be and the same is hereby dismissed on the strength of the special and limited appearance of the defendants John Griffith and Mary Griffith, his wife, and their written motion to quash the service of summons and their affidavit in support thereof, all three filed on September 17, 1935, at 4:22 P. M.''

Plaintiff raises seven points in support of his contention that the judgment order should be reversed, but in our view of this appeal it is only necessary to refer to four:

''Court erred in sustaining motion to quash service of summons after having found that the service of summons and Sheriff's return thereon was good.

''Court erred in dismissing the suit on the ground of wrong venue, where defendants failed to raise that point by proper pleading in the record.

''Court erred in dismissing the suit on the ground of wrong venue without any regard as to where the transaction, or some part thereof, occurred.

''Court erred in vacating the order of default, when defendants had not shown a meritorious defense and had not shown that they had been diligent.''

These points are all meritorious. The sole motion before the trial court was the one filed by plaintiff heretofore referred to. No contention was made by defendants that the return of the sheriff on the summons was defective in any way. Indeed, they stated that they could not impeach it and would not attack it. No motion to dismiss the suit was filed, nor was the question of venue raised in any apt way, and the trial court had no right to dismiss the suit of his own motion on the ground of wrong venue without regard to where the transaction or some part thereof occurred. Had the question of venue been raised by motion, supported by an affidavit, that the transaction out of which the cause of action arose did not occur in the county of Cook, then plaintiff would have had an opportunity of joining issue on that question. As

counsel for plaintiff stated to the trial court, if the question of venue were raised plaintiff would be able to prove that the transaction occurred in Cook county and was performed there. Upon the oral argument in this court counsel for defendants practically conceded that the trial court erred in entering the order in question.

Both parties have seen fit to argue the question as to whether or not plaintiff had the right to default defendants on September 17, 1935, at 10 o'clock a. m. That question was not properly before the trial court and it is unnecessary for us to pass upon it.

The judgment order of the circuit court of Cook county entered November 29, 1935, is reversed and the cause is remanded.

*Judgment order of November 29, 1935, reversed and cause remanded.*

JOHN J. SULLIVAN, P. J., and FRIEND, J., concur.