(No. 26136.—

Joseph P. Lewis *et al. vs.* The West Side Trust and Savings Bank *et al.*—(S. D. Tannenbaum, Receiver, Appellee, *vs.* Jack Cohen, Appellant.)

*Opinion filed September 15, 1941.*

Soll J. Schnitz, (Morris K. Levinson, and Edward G. Levinson, of counsel,) for appellant.

Mr. Justice Farthing delivered the opinion of the court:

The question before us is whether, in a suit by creditors to enforce the constitutional liability of bank stockholders, in which the complaint and summons are against "B. Cohen & Sons," a judgment against John M. Cohen, as co-partner is void and may be vacated after the expiration of thirty days from the time of entry. The superior court of cook county set aside and vacated the judgment and decree. A direct appeal was prosecuted to this court, and we transferred the cause to the Appellate Court for the reason no ground for direct appeal was presented. (*Lewis v. West Side Trust and Savings Bank,* 373 Ill. 245.) The Appellate

Court reversed the order of the superior court and held that the original judgment should stand. We granted leave to appeal. The creditors filed no answer to the petition for leave to appeal and have filed no brief.

It will be noted the complaint and summons were against "B. Cohen & Sons," and contained no statement that B. Cohen & Sons was a partnership, a corporation, or any other particular type of association. The return of the sheriff shows that B. Cohen & Sons was served "by leaving a copy with John M. Cohen, a co-partner in B. Cohen & Sons, a co-partnership." John M. Cohen made no appearance but judgment was rendered against him as above stated. Thus we have a situation in which some kind of a firm is sued and against which summons is issued, and the summons is served on and judgment entered against an individual, who is a partner in what turns out to be a partnership. It seems to us quite apparent that a judgment against an individual in a suit against a purported entity is void. Since John M. Cohen was neither sued nor summoned, he was under no duty to appear and defend in order to prevent a judgment from being entered against him.

In this State a partnership is not a legal entity apart from the individual members, and in order to sue a partnership it is necessary to sue all the partners. (*Abbott* v. *Anderson,* 265 Ill. 285; *Heinze* v. *Industrial Com.* 288 id. 342; *Page* v. *Brant,* 18 id. 37; *Sinsheimer* v. *Skinner Manf. Co.* 165 id. 116.) Since this suit was brought against an entity which is legally non-existent, the proceeding was void *ab initio* and its invalidity could be called to the court's attention at any stage of the proceeding. 47 Corpus Juris, sec. 368, and cases cited.

It cannot be contended the recital in the sheriff's return that B. Cohen & Sons was served by leaving a copy with John M. Cohen, made John M. Cohen a party or cured any defects in the complaint and summons. As was said in *Dunham* v. *Shindler,* 17 Ore. 256, 20 Pac. 326, (para-

graph 2 of syllabus by the court:) "A partnership cannot be sued as such. The names of its members must be set out in the complaint and summons. That is an old and well-established rule. The respondent could not give the court jurisdiction of the person by having service of the summons made upon a party not named therein, except in the case of substituted service. G. Shindler & Co. were not served by the service upon D. W. Shindler. The sheriff certifying in his return that the latter was a member of said company was no evidence that he was so. It was not the province of the sheriff to find out who the members of the firm of G. Shindler & Co. were. It was his business to serve the persons named defendants in the summons."

For the above reasons, the judgment of the Appellate Court is reversed, and the order of the superior court, vacating the judgment, is affirmed.

*Appellate Court reversed; superior court affirmed.*