Argued February 14; affirmed April 24, 1945

# MUTZIG *v.* HOPE

(158 P. (2d) 110)

Before BELT, Chief Justice, and ROSSMAN, KELLY, BAILEY, LUSK, BRAND and HAY, Associate Justices.

*D. T. Bayly,* of Eugene, for appellant.

*Q. L. Matthews* and *Charles E. Wright,* both of Portland (Pendergrass, Spackman & Bullivant and Christopherson & Matthews, all of Portland, on the brief), for respondent.

BRAND, J.

This case arises upon a motion of the defendant, Hope, to vacate a default judgment which was rendered against him in a non-tortious transitory action on the ground that the court was without jurisdiction of his person. From an order denying the motion, the defendant appeals.

On December 17, 1931, the plaintiff, Mutzig, brought an action in the circuit court of Oregon for Multnomah county to recover rent owing by defendant as lessee of lands in Deschutes county, Oregon. The complaint was in the usual form. A summons, also in usual form, was issued and the return discloses that service was made upon the defendant personally in Lane county by the sheriff of that county. The defendant failed to appear and after the expiration of twenty days, upon motion of the plaintiff, a default judgment was entered in favor of the plaintiff. The judgment was entered on February 10, 1932. On February 9, 1942, upon motion of

the plaintiff, supported by affidavit, and under the provisions of O. C. L. A. § 6-802, an order was duly made and entered in the circuit court for Multnomah county renewing the judgment, directing the reentry thereof, and that execution issue thereon. On October 19, 1943, the defendant filed a special appearance and moved for the cancellation of the judgment. We quote from the motion:

"COME NOW the Defendant, Ralph A. Hope, by his attorney, D. T. Bayly, and points out to the Court that the judgment roll in the above entitled case shows in the Complaint without extrinsic evidence that the action is in nature transitory, but not founded on a tort and in the Proof of Service of Summons, that the Summons and Complaint were served by a Deputy of the Lane County Sheriff within Lane County, on the Defendant, Ralph A. Hope, on December 14, 1931, [Error—the correct date is December 19, 1931.]

"WHEREAS, by Section 1-403, Oregon Code 1930, in effect at the time of the above service of Summons and Complaint, as interpreted by Dunham vs Schindler and Company, 17 Or. 256 and Brown vs Deschutes Bridge Company, 23 Or. 7, a Summons and Complaint served in a county other than where the non tortious transitory action is filed does not give the court jurisdiction and judgment based upon such a service is void.
"WHEREFORE, * * *.' "

On October 28, 1943, the plaintiff filed an appearance in opposition to application to cancel judgment wherein he set forth the facts substantially as stated above. It was the contention of the plaintiff that if the cause was commenced in the wrong county, the defendant had waived any objection thereto by reason of his failure to appear prior to the entry of the default

judgment. On April 10, 1944, the motion to vacate judgment was denied and the defendant appeals.

BRAND, J.

■ The plaintiff contends that by reason of the lapse of more than eleven years the defendant should be barred by laches, or the statute of limitations, from now attacking the validity of the judgment. But, if the court never acquired jurisdiction of the person of the defendant, the service of summons being a nullity and there being no general appearance, the judgment would be absolutely void. Under such conditions the judgment might be vacated at any time, either upon motion of the defendant or by the court upon its own motion, and delay or failure of the defendant to move to vacate the same could not operate to validate the judgment. *Huffman v. Huffman,* 47 Or. 610, 86 P. 593, 114 Am. St. Rep. 943; *Wade v. Wade,* 92 Or. 642, 176 P. 192, 7 A. L. R. 1143; *Finch v. Pacific Reduction and Chemical Mfg. Co.,* 113 Or. 670, 234 P. 296; *Lothstein v. Fitzpatrick,* 171 Or. 648, 138 P. (2d) 919. The question in this case, therefore, is whether by personal service of summons in Lane county the circuit court of the state of Oregon for Multnomah county acquired jurisdiction to render the default judgment.

■ The action was transitory, being founded upon privity of contract and not upon privity of estate. *Abrahamson v. Brett,* 143 Or. 14, 21 P. (2d) 229. The statute concerning venue in non-tortious transitory actions provides that

"* * * the action shall be commenced and tried in the county in which the defendants, or either of them, reside or may be found at the commencement of the action; * * * provided further, that if none of the defendants resides in this state

the action may be tried in any county which plaintiff may designate in his complaint." O. C. L. A. § 1-403.

For all that appears in the record, the action may have been filed in the proper county. Thus, if the defendant, in fact, resided in Multnomah county, or did not reside anywhere in the state of Oregon, the action was properly brought in Multnomah county. On the other hand, since defendant was not found in Multnomah county, if he, in fact, resided within the state of Oregon, but not in Multnomah county, then the venue was erroneously laid.

We will consider the question, first, upon the assumption that the action was filed in the proper county and, second, upon the assumption that the action was filed in the wrong county. Upon the first assumption, the only question would be whether a circuit court of Oregon acquires jurisdiction in a non-tortious transitory action when the venue is properly laid, but service is made in a different county of the state. Upon the second assumption, the question would be whether the court acquires jurisdiction when the action is filed in the wrong county, but the defendant being personally served within the state (though not in the county in which the action was filed) fails to appear or object to the improper venue until after default judgment has been entered against him.

First, we shall assume that the defendant resided in Multnomah county or that he was a nonresident of the state and proceed to consider whether the court acquired jurisdiction by service in Lane county. The statute provides:

"* * * If the defendant be served within the county in which the action is commenced he shall appear and answer the complaint within ten days

from the date of the service, but if he be served in any other county in the state he shall appear and answer the complaint within twenty days from the date of the service." O. C. L. A. § 1-602.

Thus it appears to be contemplated that summons may, in some instances at least, be served in a county other than the one in which the action was commenced and there is nothing in the statute itself which would make its provisions inapplicable to non-tortious transitory actions.

■ Again, the statute provides:

"* * * At any time after the action is commenced the plaintiff, or his attorney, may issue as many original summonses as either may elect and deliver one of such summonses to the sheriff of each county in which service on any defendant is desired." O. C. L. A. § 1-601.

This provision, of course, applies to cases in which there are several defendants who may reside or be found in different counties. But here, again, there is nothing in the statute to indicate that it may not also apply to a case in which there is only one defendant. If a defendant is sued in the county of his residence, but the plaintiff is uncertain as to whether the defendant is to be found in that county or in another, the statute would seem to permit the issuance of more than one original summons and the delivery of them to sheriffs of the different counties so that the defendant might be served where found, even though not found in the county where the suit was filed.

This view is strongly supported by the decision in *Atchison, T. & S. F. Ry. Co. v. Drayton,* 292 F. 15. In that case, the question arose under the laws of Nebraska concerning the validity of service in a county other

than that in which the action had been brought. The statute provided:

> "Summons to other counties. When the action is rightly brought in any county, according to the provisions of this code a summons shall be issued to any other county, against any one or more of the defendants at the plaintiff's request." Compiled Stats. of Neb., 1922, § 8570.

Referring to that statute, which closely resembles O. C. L. A. § 1-601, the circuit court of appeals said:

> "* * * Again, ample provision is made for service in counties other than that where the action is brought. This last provision applies where there is only one defendant (Carter v. Insurance Co., 83 Neb. 810, 120 N. W. 455; Nebraska Mutual Hail Insurance Co. v. Meyers, 66 Neb. 657, 92 N. W. 572) or where no defendant is resident in the county where the suit is brought (Sullivan v. Radzuweit, 82 Neb. 657, 118 N. W. 571; Vennum v. Huston, 38 Neb. 293, 56 N. W. 970; McNee v. Sewell, 14 Neb. 532, 16 N. W. 827). On this point of non-residence of defendant or defendants in county of venue and service in other counties there are similar decisions on like statutes in other states. Quesenberry v. Association, 44 W. Va. 512, 30 S. E. 73. As applied to nonresidents, see N. Y., etc., Ry. Co. v. Estill, 147 U. S. 591, 13 Sup. Ct. 444, 37 L. Ed. 292; Reynolds v. Williamson, 68 Kan. 239, 74 Pac. 1122; Fratt v. Wilson, 30 Or. 542, 48 Pac. 356; Ivanusch v. Ry. Co., 26 S. D. 158, 128 N. W. 333; Olson v. Osborne, 30 Minn. 444, 15 N. W. 876; Eichoff v. F. & C. Co., 74 Minn. 139, 76 N. W. 1030." *Atchison, T. & S. F. Ry. Co. v. Drayton,* 292 F. 15, 18.

■ We think the legitimate interests of parties plaintiff will be best protected by holding that when suit is properly brought in one county, personal service may be had upon a natural person as defendant in any

other county of Oregon where he may be found. If a defendant resided in Multnomah county, but was physically in another county of Oregon, and if the rule prohibited personal service upon him in a county other than Multnomah, the plaintiff would be compelled to resort to substituted service under the provisions of the statute which provides:

"In all other cases to the defendant personally, or, if he be not found, to some person of the family, above the age of 14 years, at the dwelling house or usual place of abode of the defendant." O. C. L. A., § 1-605, subd. (6).

■ Such substituted service is not according to the course of the common law and the record must affirmatively show the fact authorizing such substituted service. *Hass v. Sedlak*, 9 Or. 462; *Caro v. Oregon & C. R. Co.*, 10 Or. 510; *Weaver v. Southern Oregon Co.*, 30 Or. 348, 48 P. 171; *Hildebrand v. United Artisans*, 46 Or. 134, 79 P. 347, 114 Am. St. Rep. 852. Service under the provisions of O. C. L. A. § 1-605, subd. (6), supra, is an unsatisfactory substitute for personal service. Acquisition of jurisdiction would depend upon whether or not the sheriff served "some person of the family," a question which is not always free from doubt. *Carland v. Heineborg*, 2 Or. 75; *McFarlane v. Cornelius*, 43 Or. 513, 73 P. 325, 74 P. 468. Nor is it always clear where the "dwelling house or usual place of abode" of the defendant may be. *Swift v. Meyers*, 37 F. 37. A rule requiring substituted service under the circumstances suggested opens the door for technical objections to the jurisdiction of the court which would be avoided if personal service is permitted in any county where the defendant may be found.

■ The legitimate interests of parties defendant will also be best protected by a rule which permits personal

service in a county other than that in which the action is filed. A summons under the Oregon procedure is not process, but is a mere notice informing the defendant of the action and the need to answer the complaint within a specified time. *Whitney v. Blackburn,* 17 Or. 564, 21 P. 874, 11 Am. St. Rep. 857. Personal service on the defendant where found gives him personal notice and, if served outside the county of his residence, he is allowed twenty days in which to appear. Substituted service may never result in personal notice within the time allowed for appearance. A defendant absent from his residence for ten days might be adjudged in default by reason of substituted service on some ''person of the family'' before he received any knowledge that an action had been filed.

■ Turning to the authorities, the case of *Fratt v. Wilson,* 30 Or. 542, 47 P. 706, appears decisive of the question here. The defendant was a nonresident of the state and hence, under the provisions of the venue statute, O. C. L. A. § 1-403, ''the action may be tried in any county which plaintiff may designate in his complaint.'' The plaintiff was authorized to, and did, bring suit in Multnomah county. Summons was served in Lake county and judgment was taken by default. The defendant applied for an order vacating the judgment on the ground that the court had no jurisdiction. It was the defendant's contention that service of summons on a nonresident in a transitory action does not confer jurisdiction of the person unless it occurs in the county where the action is pending. The supreme court held that service might be made in any county in Oregon. If, when venue is properly laid, service may be had in a county other than that in which the suit is filed in the case of a nonresident of a state, we think the same rule must apply when venue is properly laid in

the case of a resident of a state, suit being filed in the county of his residence, but service being had in another county.

In the case of *Brown v. Lewis,* 50 Or. 358, 92 P. 1058, the court said, "* * * in transitory actions against a nonresident the action may be commenced in any county plaintiff may select, and personal service anywhere within the State will give the court jurisdiction." The court cited *Fratt v. Wilson,* supra, with approval. *Brown v. Lewis* was a case involving an action against a foreign corporation and the general statement that "the action may be commenced in any county plaintiff may select," if applied to foreign corporations lawfully doing business in this state, has been overruled. *State ex rel. v. Updegraff,* 172 Or. 246, 141 P. (2d) 251. But as applied to the place of service in an action against a natural person when venue is properly laid, the quoted portion is a correct statement of the law.

In the Updegraff case we held that a transitory nontortious action may be filed against a foreign corporation only where it maintains its principal place of business (residence) or where the cause of action arose, but that personal service upon the defendant corporation may be made upon the statutory agent for service at any place where he may be found in the state. "* * * his position is analogous to that of the president or other principal officer of the corporation, service upon whom is personal service upon the corporation." Again, the court said:

> "Assuming that venue is properly laid, a question arises concerning the proper place of service. Where a domestic corporation is sued in the county of its principal place of business, service may be made upon one of its principal officers anywhere in

the state. Davies v. Oregon P. & P. Co., supra [61 Or. 594, 123 P. 906]. Such service is personal, as distinguished from substituted service.'' *State ex rel. v. Updegraff,* supra (172 Or. 246, 253).

The defendant relies upon the early case of *Dunham v. Shindler,* 17 Or. 256, 20 P. 326, 1889. In that case, the plaintiff brought a transitory action in Wasco county against G. Shindler & Co. The return shows that summons was served in Multnomah county upon ''D. W. Shindler, a member of the firm of G. Shindler & Co.'' There was no appearance by any defendant and upon motion of the plaintiff, a default judgment was entered by the clerk of Wasco county in vacation. There was a direct appeal upon the ground that the complaint failed to state a cause of action, that the court was without jurisdiction of the person of the defendants and that the county clerk was without authority to enter the default judgment. The judgment was reversed in a *per curiam* opinion. The court properly held that a partnership can not be sued as such and that the court could not acquire jurisdiction by having service of summons made upon a party not named therein, except in the case of substituted service, and that G. Shindler & Co. were not served by the service upon D. W. Shindler. It was held that:

''* * * The sheriff certifying in his return that the latter was a member of said company was no evidence that he was so. It was not the province of the sheriff to find out who the members of the firm of G. Shindler & Co., were. * * *''

This was a sufficient ground for reversal of the judgment, but the court went further and discussed matters of venue and service. The court said:

''* * * The action was a transitory one, and was required by the code to be commenced and

tried in the county in which the defendants or either of them resided or might be found at the commencement of the action; or if none of the parties resided in the state, the same could be tried in any county which the plaintiff might designate in the complaint. It was not an action in which the summons could be served in any other county than that in which the venue was laid, and the respondent's attorneys should have so understood it. * * * Any one who reads the code must know that such an action as the one attempted to be commenced herein has to be brought against a defendent where he resides or is found. * * *'' *Dunham v. Shindler,* supra (17 Or. 256, 257, 258).

The court appears to have considered the case as one which was brought in the wrong county, but there is nothing in the record to disclose who the purported members of G. Shindler & Co. were, or where they or any of them had their residence. The court recognized that in local actions summons may be sent to another county for service, but thought it could not be done in transitory actions. The court seems to have confused the question of venue with the question of service. The opinion is inconsistent with *Fratt v. Wilson,* supra, *Brown v. Lewis,* supra, and *State ex rel. v. Updegraff,* supra, and must be deemed to have been overruled. If the action had been filed against a properly named defendant at the residence of such defendant, we think the fact of service in another county would not now warrant the condemnation which was pronounced in the Shindler case. In any event, the discussion concerning both venue and service was unnecessary to the decision of the case and can not be deemed controlling.

*Brown v. Deschuttes Bridge Co.,* 23 Or. 7, 35 P. 177, 1885, and *Holgate v. O. P. R. R. Co.,* 16 Or. 123, 17 P. 859, 1888, show the same confusion of the rules con-

cerning venue and those relative to service which appeared in *Dunham v. Shindler*, supra. The Deschutes Bridge case was a transitory action against a domestic corporation. The court said:

"But in all such cases it is essential to the jurisdiction of the court that service upon the defendants, or some of them, be had in the county where the action is brought; otherwise the court will be without authority to render a valid judgment. * * *" *Brown v. Deschuttes Bridge Co.,* supra (23 Or. 7, 8).

The Holgate case was also a transitory action against a domestic corporation. The court said:

"It is necessary in the commencement of an action against a corporation under the Civil Code of this State, in order to acquire jurisdiction over the person, that the return of service of summons show that a duly authenticated copy thereof, and of a copy of the complaint, were delivered to one of the officers thereof designated in said subdivision 1 of said section 55 of the Code, either in the county where its principal office is situated, or in the county where the cause of action arose. * * *" *Holgate v. O. P. R. R. Co.,* supra (16 Or. 123, 126).

This doctrine was expressly repudiated in *Davies v. Oregon Placer & Power Co.,* 61 Or. 594, 123 P. 906. That was a transitory action which was brought against a domestic corporation in Baker county where the defendant's principal office was located. Service was made upon one of the principal officers of the corporation in Multnomah county. Such service was said to be the equivalent of personal service against an individual and it was held valid. Referring to the Holgate case, the court said:

"* * * So far, however, as it rules that service of summons upon 'the president or other head of

the corporation, secretary, cashier, or managing. agent' is restricted to delivery to any of such officers *in the county where the principal office of the corporation is situated*, it must be considered overruled as to cases commenced in the county where the corporation resides. * * *'' (Italics ours). *Davies v. Oregon Placer & Power Co.*, supra (61 Or. 594, 601).

If the Shindler, Deschuttes Bridge, and Holgate cases are to be understood as holding that when an action is brought in the proper county, service of summons must also be had within that county, then they are definitely overruled by *Fratt v. Wilson*, supra, *Brown v. Lewis*, supra, *Davies v. Oregon Placer & Power Co.*, and *State ex rel. v. Updegraff*, supra.

■ Upon both reason and authority, we conclude that in this transitory action, if the defendant was a resident of Multnomah county, or a nonresident of the state so that the venue was properly laid in Multnomah county, then the court acquired jurisdiction of the defendant by personal service in Lane countty. See also *Hubner v. Hubner*, 67 Or. 557, 136 P. 667, a divorce case in which the court said, "If either of the parties had resided in Clackamas county [where the suit was brought] service could have been made in this case in Multnomah county." And see *Bailey v. Malheur Irrigation Co.*, 36 Or. 54, 57 P. 910.

We now approach the second question. Assuming that the defendant was a resident of Oregon, but not of Multnomah county, did the Multnomah county circuit court acquire jurisdiction by personal service in Lane county so as to render valid the default judgment which was entered against the defendant? In support of his case, the plaintiff asserts that if venue

was improperly laid, the error was waived by failure to appear and object.

The statute relating to venue in transitory actions is found in the chapter entitled, "Place of Trial," and is as follows:

"In all other cases the action shall be commenced and tried in the county in which the defendants, or either of them, reside or may be found at the commencement of the action; provided, that in any action founded on an alleged tort, the same may be commenced either in the county where the cause of action arose or in the county where the defendants, or one of them, resides or may be found at the commencement of the action; provided further, that if none of the defenadnts resides in this state the action may be tried in any county which plaintiff may designate in his complaint." O. C. L. A. § 1-403.

By the overwhelming weight of authority, statutes relating to venue are held to be procedural merely, and not jurisdictional in the strict sense.

"* * * If, therefore, venue is laid in the wrong county, the court having general power to take cognizance of the subject matter is not thereby deprived of jurisdiction, provided defendant does not object or move in apt time to change the venue to the proper county, and may render judgment binding on the parties." 67 C. J., Venue, § 146, p. 91.

"Waiver and Estoppel of Defendant—a. In General. Since the general rule is that venue statutes relate to procedure and not to jurisdiction, the right of defendant to be sued in a particular county or district is a mere personal privilege which he may waive, where the court has general jurisdiction of the subject matter, and there are cases which apply this rule whether the case involves the subject matter of the action or merely jurisdiction

of the person. It is very generally held that objections to the venue are waived by failing to raise the question in the proper time and manner." 67 C. J., Venue, § 148, p. 92. See also 67 C. J., Venue, § 1, pp. 11 and 12, and § 24, p. 21.

 "* * * Where a statute provides that an action shall be brought in a particular county and it is brought in a different county of the State, it depends upon the interpretation of the statute whether the judgment is void. Ordinarily such a statute is not construed as making the judgment void. The defect is one of venue, not of jurisdiction. * * *" Restatement, Judgments, § 7, subd. b. See also, 1 Freeman on Judgments, 5th Ed., § 368; Geis v. Gallus, 130 Or. 619, 278 P. 969; Hanzlik v. Hanzlik, 110 Or. 95, 222 P. 1081; State ex rel. v. Almeda Consol. Mines Co., 107 Or. 18, 212 P. 789; Johnston v. Wadsworth, 24 Or. 494, 34 P. 13; Houston Oil Co. v. Bayne, 141 S. W. 544 (Texas); Shaffer v. Bank. 201 N. C. 415, 160 S. E. 481; Gillen v. Illinois Cent. R. Co., 137 Ky. 375, 125 S. W. 1047; Paige v. Sinclair, 237 Mass. 482, 130 N. E. 177. As to waiver in local actions, see Schleef v. Purdy, 107 Or. 71, 214 P. 137; Hubner v. Hubner, supra; Marx & Jorgenson v. Croisman, 17 Or. 393, 21 P. 310; Weiss v. Bethel, 8 Or. 522; and 1 Or. L. Rev. 142.

The statute relative to change of venue provides:

"When place of trial may be changed. The court or judge thereof, may change the place of trial, on the motion of either party to the action, when it appears from the affidavit of such party, or if he is not a resident of the county, the affidavit of any one on his behalf; either,

"(1) That the action has not been commenced in the proper county; * * *." O. C. L. A. § 1-404.

The statute, upon its face, makes no distinction between local and transitory actions and we think it clear that if either a local or transitory action "has not been commenced in the proper county", it is the legislative

intent that the court or judge thereof should have the power to change the place of trial upon timely motion, supported by affidavit.

In support of his contention that the judgment was void for want of jurisdiction because venue was improperly laid, the defendant cites two cases, *Dunham v. Shindler,* supra (17 Or. 256, 20 P. 326), which we have already discussed, and Brown v. Deschuttes Bridge Co., supra (23 Or. 7, 35 P. 177). In the latter case, the plaintiff brought an action in Crook county against a domestic corporation having its principal office in Linn county. The defendant appeared and answered, and afterwards moved to change the venue to Linn county on the ground that the action had been commenced in the wrong county. The motion was denied; the cause was tried in Crook county; and judgment went for the plaintiff. The defendant appealed. This court held that the service was a nullity, but that the general appearance was equivalent to personal service and the judgment was affirmed. The court said:

"The action being for damages was transitory, and might be brought within any county within the state where the defendant resided or might be found at the commencement thereof. Subdivision 1 of section 44, Civil Code (Hill's Code, § 45), provides that the court or judge thereof may change the place of trial when it appears that the action has not been brought in the proper county. But this provision, we apprehend, does not apply to transitory actions. In such case it cannot be said that the action has been brought in the wrong county since it may be brought in any county where service of summons may be had." Brown v. Deschuttes Bridge Co., supra.

In holding that an action against a domestic corporation may be brought within any county where the

defendant might be found at the commencement thereof, that is, where service of summons might be had, the Deschuttes Bridge case has long since been overruled, being inconsistent with the firmly established doctrine of this state to the effect that a domestic corporation can be sued only in the county wherein its principal place of business is located, or where the cause of action arose. *Holgate v. O. P. R. R. Co.,* supra; *State ex rel. v. Almeda Consol. Mines Co.,* supra; *State ex rel. v. Updegraff,* supra; and *Winter v. Union Packing Co.,* 51 Or. 97, 93 P. 930.

It will be observed that although the Deschuttes Bridge case appears in Volume 23 of the Oregon Reports, it was decided in 1885, prior to the decision of *Holgate v. O. P. R. R. Co.* in Volume 16 of the Oregon Reports. Furthermore, in holding that it is essential to jurisdiction that service be had on a defendant corporation in the county where the action is brought, the case is also overruled by *State ex rel. v. Updegraff,* supra.

We now turn to the statement in the Deschuttes Bridge case that the statute authorizing change of venue does not apply to transitory actions because "it can not be said that the action has been brought in the wrong county." The court apparently construed the proposition that any county may become the right county in which to file suit as meaning that no county could be the wrong county in which to file suit and that, therefore, the statute authorizing change of venue could not apply. This is a plain fallacy. In a transitory action against a natural person, any county is the right one in which to sue if the defendant resides or may be found and served there, or if he be a nonresident of the state. But any county is clearly the wrong one in

which to sue a natural person if it is neither the county of defendant's residence, nor the one in which the defendant can be found at the commencement of the action (unless he is a nonresident of the state). O. C. L. A. § 1-403. In a later case, this court held that a transitory action was brought "in the wrong county." State ex rel. v. Almeda Consol. Mines Co., supra. If so, then the express provisions of O. C. L. A. § 1-404 apply and the court has power under the conditions imposed by statute to change the place of trial.

In holding that the statute concerning change of venue does not apply to transitory actions, the dictum in the Deschuttes Bridge case is based upon a palpable error of reasoning which involves serious implications. If there were no statutory provisions for change of venue under any circumstances, or at any time, the inference might be drawn that a defective venue implies a want of jurisdiction. On the other hand, a statutory provision authorizing change of venue upon the motion of either party would be consistent with the authorities which hold that the right to have a change of venue is a personal privilege which is waived if not exercised.

 We think that the personal service of summons vests the court with jurisdiction irrespective of any general appearance. It is true that a general appearance is sufficient of itself alone to confer jurisdiction on the court, but the fact that it is sufficient does not prove that it is indispensable. If, as we think, the court acquires jurisdiction by the filing and service, then the nature and time of the defendant's appearance, whether special or general, affects only the character of relief which will be accorded him.

 We do not mean that the court would be authorized to try the case in the wrong county unless

there was a waiver, express or implied. But, as we shall show, the right to object to erroneous venue is a privilege which, if exercised, may determine what the court should or should not do, but which does not affect its jurisdiction to act. In *Matlock v. Matlock,* 87 Or. 307, 170 P. 528, a husband filed suit for divorce in Lane county and commenced proceedings for publication of summons, but before service by publication was completed, his wife filed suit for divorce in Multnomah county and got personal service on the husband in Lane county. It was held that the Multnomah circuit court was without jurisdiction because the Lane circuit court had first acquired jurisdiction. The case does not involve a question of venue, but it shows that jurisdiction over the subject matter may be acquired by the court where suit is filed, even before service.

The case of *Johnston v. Wadsworth,* supra (24 Or. 494, 34 P. 13), appears to support the view that the statutes authorizing change of venue apply to transitory actions and suits. In that case the vendor brought a suit for the specific performance of a contract to purchase land. The suit was brought in Multnomah county, but the lands were in Jackson county. The defendant demurred upon the ground that the suit was not brought within the county in which the land was situated. The demurrer was overruled. The defendant answered, and upon trial, a decree was entered for the plaintiff. The defendants appealed. The relevant sections of the equity code provided:

"Suits in equity in the following cases shall be commenced and tried in the county where the subject of the suit, or some part thereof, is situate:—
\* \* \*

"3. For the determination of an adverse claim, estate, or interest in real property, or the specific

performance of an agreement in relation thereto. * * *'' Hill's Code, § 387. (For this section as amended, see O. C. L. A. § 9-108.) The same section provides that transitory actions shall be commenced and tried in the county in which the defendants, or either of them, reside or may be found at the commencement of the suit, or if none of the defendants reside in the state, then in any county which the plaintiff may designate.

Section 388 of Hill's Code provided that the court may change the place of trial on the motion of either party to the suit where it appears from the affidavit of such party that the suit has not been commenced in the proper county. This section, as amended, is now O. C. L. A. § 9-110. The defendant contended that the circuit court of Multnomah county had no jurisdiction to enforce specific performance of a contract in relation to lands located in Jackson county because the proceeding was a local, as distinguished from a transitory, suit. Plaintiff contended the action was transitory. Concerning this contention, the court said:

"* * * The relief sought by this suit is not to determine title, but to recover the price stipulated to be paid for the land. The decree is *in personam* and not *in rem,* and it would seem, therefore, when the parties are within its jurisdiction, a court of equity may make its decree *in personam* for the specific performance of a contract for the sale of land in another county, *notwithstanding section 387.*

"However that may be, if the plaintiff brought his suit in the wrong county the defendant waived his objection under section 388 by not availing himself of the right to a change of venue to the proper county. We think, therefore, that it is too late to raise this objection after a suit has been tried on its merits.'' (Italics ours.) *Johnston v. Wadsworth,* supra (24 Or. 494, 498, 34 P. 13).

The meaning of the court is not wholly clear, but we think it intended to hold that since the plaintiff vendor was only seeking a money judgment, the suit must be deemed to be transitory. We can find no other reason for the employment of the words, "notwithstanding section 387." The opinion seems to recognize that the statute authorizing change of venue applies whether the suit be local or transitory, that is "However that may be * * *."

Again, the case of *Schleef v. Purdy*, supra (107 Or. 71, 214 P. 137), contains at least a dictum contrary to the ruling in the Deschuttes Bridge case. The court was considering whether a suit for the cancellation of a mortgage was transitory or local. In that connection, the court referred to Or. L. § § 396 and 397, now O. C. L. A. § § 9-108 and 9-110, which control venue in equity suits and authorize change of venue when the suit has been commenced in the wrong county. The court then referred with approval to the portion which we have quoted from Johnston v. Wadsworth, supra, and said:

"We think that this decision is decisive of the objection urged here, even if this suit is a local one. It was within the legislative power to prescribe that suits affecting title to real property should be brought in the county where the land was situated and to provide that where a suit affecting land was not brought in the county where the land lies, but was brought in any other county in the state, the court, having jurisdiction of the parties to the suit, should have jurisdiction to hear and determine any matter affecting the title to lands in another county, unless objection to the power of the court was made before answer, and to direct that unless such objection was so made, the court to which the action was brought, should have power to determine the matters affecting the lands so involved." *Schleef v. Purdy,* supra (107 Or. 71, 80).

The court also said:

"But, it is not necessary for us to decide whether a mortgage in this state does acquire an adverse claim in or to the mortgaged premises within the meaning of the term 'adverse claim' as used in the statute, for, *however that may be,* while a local suit, such as one affecting real property, must be brought in the county where the land is situated, as otherwise the true venue is not laid, yet the direction contained in Section 396, Or. L. is merely a statutory declaration of the rule which existed independently of statute, and by Section 397, Or. L., where the suit has not been commenced in the proper county and the motion is not made for the purpose of delay, and these facts appear from the affidavit of either party to the suit, the court, on motion of such party, may change the place of trial. * * *" *Schleef v. Purdy,* supra (107 Or. 71, 79). (Italics ours.)

■ The law is well established that in both transitory actions and in local actions in which the subject of the action is located within the state, a general appearance by the defendant authorizes the court to try the case upon the merits though the action be filed in the wrong county. Concerning a transitory action, the court said:

"* * * But the rule is equally well settled that the right of a domestic corporation to insist upon its statutory exemption from being sued in a county other than that in which it has its principal office or place of business, or the cause of action arose, is a personal privilege that may be waived, and that when a corporation is sued in a wrong county the exemption or immunity from suit in that county is waived by its voluntary appearance in such suit: * * *"

* * *

"By voluntarily appearing in the suit the defendant corporation waived its right to insist that

the suit had not been brought in the proper county and the court acquired full and complete jurisdiction of the person of the defendant corporation and of the subject matter of the suit. * * *'' State ex rel. v. Almeda Consol. Mines Co., supra (107 Or. 18, 22, 23, 212 P. 789). And see, Duncan Lumber Co. v. Willapa Lumber Co., 93 Or. 386, 182 P. 172; Johnston v. Wadsworth, supra; Marx & Jorgenson v. Croisan, supra; Byers v. Ferguson, 41 Or. 77, 65 P. 1067, 68 P. 5; Templeton v. Lloyd, 59 Or. 52, 109 P. 1119, 115 P. 1068; State ex rel. v. Norton, 131 Or. 382, 283 P. 12; Geis v. Gallus, supra; Hanzlik v. Hanzlik, supra; and Hubner v. Hubner, supra.

In the Almeda Consolidated Mines Company case the defendant not only appeared generally, but participated in the trial on the merits. No issue was raised as to improper venue until four years after the trial of the cause and the sale of property under the receivership. It certainly must be true that at some point in the case the defendant had the right to a change of venue or the court could not have held that there was a waiver thereof. The opinion is, therefore, inconsistent with the dictum in the Deschuttes Bridge case.

A different rule applies when the action is local and suit is in one state while the property is in another *state* as distinguished from *county.* There the erroneous venue is jurisdictional and a general appearance does not waive the defect. *Montesano Lumber & Mfg. Co. v. Portland Iron Works,* 78 Or. 53, 152 P. 244. As to the distinction between interstate venue and municipal or county venue, see 67 C. J., Venue, § 24, p. 21.

 No court can make any valid order such as an order for change of venue unless it has jurisdiction. Jurisdiction may be acquired either by service or by

general appearance. A court acquires jurisdiction when the defendant appears generally, even though no service was made or attempted. These cases which hold that erroneous venue is waived by a general appearance require further analysis. Their significance does not lie in the obvious fact that the court may acquire jurisdiction by a general appearance. The significance lies in the fact that the defendant has, by implication, waived objection to the improper venue by failure to raise the question and has therefore authorized the court to try the case on the merits, regardless of the error. Under a proper construction of the Oregon statutes, we think the court acquires jurisdiction after personal service although venue be improperly laid, because the venue statute confers only a personal privilege which must be exercised by the defendant. The court is not thereby authorized to try the case in the wrong county, because it may be that the privilege will be exercised by the defendant, but the court has jurisdiction. In such a case the court does not need to rely upon the general appearance for jurisdiction, although that alone would be sufficient to confer it. The general appearance bears upon the waiver of privilege. There are at least two ways by which a defendant may exercise his privelege. First, he may move to quash and for a dismissal. State ex rel. v. Norton, supra. If such motion is made and if, at the time when made, no motion for change of venue is authorized by law, the trial court will quash the summons and dismiss the action. Under the statute, when objection is thus made, the court could not try the case in the wrong county. The only judicial action which could conceivably be taken would be to change venue and if neither party has sought such change, the court may properly dismiss. The dismissal would

not be for want of jurisdiction, but for want of authority under the venue statute to try the case in the wrong county and for want of a proper motion authorizing change of venue.

But not every general appearance waives the erroneous venue. Under O. C. L. A. § 1-405, a defendant may appear and answer and then move for change of venue, and if the motion is based upon the ground that the action was not commenced in the proper county, under O. C. L. A. § 1-404, subd. (1), it would be the duty of the court to change the place of trial to the proper county. The statute concerning the time within which to move for change of venue in actions at law is as follows:

"The motion for a change of the place of trial can not be made, or allowed in any action, until after the cause is at issue on a question of fact only. * * *" O. C. L. A. § 1-405.

Under the limitations of that section, no motion by either plaintiff or defendant could be made or allowed until the case is at issue on a question of fact. So in an action at law, unless the case be put at issue on a question of fact, the only remedy open to a defendant would be by motion to quash and dismiss, or perhaps, by a plea in abatement. *Winter v. Union Packing Co.,* supra; *Duncan Lumber Co. v. Willapa Lumber Co.,* supra (a case involving interstate venue). It is certainly clear that the only right which a defendant in a law action waives by a general appearance is the right to have the case dismissed. He still has a clear statutory right to have a change of venue after the case is at issue on the facts.

A different situation applies to the case of a suit in equity. Under the equity code, the authority of

the court is differently limited as to the time for filing the motion for change of venue. ''* * * Such change may be taken at any time before answer, and not otherwise, and with like effect as in an action.'' O. C. L. A. § 9-110, subd. (3). Under the statute, either party may move for a change of venue and a plaintiff, if he discovers that he has filed his suit in the wrong county, is expressly authorized by statute to secure a change of venue at any time *before answer*. This is clear proof that the equity court acquires jurisdiction, notwithstanding the fact that the suit is brought in the wrong county, for upon motion of the plaintiff, the change of venue could be made after service upon the defendant, regardless of any appearance or waiver by him.

■ As to acquisition of jurisdiction over the person, we think the same rule should apply to actions at law and suits in equity, without distinction. The court acquires jurisdiction upon personal service in either case though the venue be improperly laid, the right to change of venue being only a personal privilege (see Am. Digest System, Venue, Key Nos. 17 and 32). But in either case, if the defendant makes a timely motion to quash, the motion should be allowed because, although vested with jurisdiction, the court should be controlled by the venue statute, unless there is a waiver, and when a timely motion to quash is made, there is no waiver. If there is no waiver and no authorized motion for change of venue is filed by either party, the court must quash.

■ If we are right thus far, then it follows that the court in the case at bar acquired jurisdiction, even if the action was filed in the wrong county, when personal service was had upon the defendant. The defendant

then had the right to file a motion to quash the summons and dismiss the case, supporting it by proof, if such there was, that the action was brought in the wrong county. He thereby would have exerted the privilege accorded him by the venue statute in the only way in which it could then be exercised, or the defendant had the right to appear and answer, and having put the case at issue on a question of fact, to exert his privilege by a motion for change of venue. When he did neither, but allowed judgment to be taken against him by default, he waived all of the methods by which his privilege could have been exerted and he should not now be permitted, after eleven years, to claim that the court was without jurisdiction.

Upon the issue of waiver by failure to appear, the cases are very few. The reason is probably that if a defendant intends to contest an action merely because of erroneous venue, he files either a motion to quash or for a change of venue. There are few appeals from default judgments and almost none when the only issue to be raised is venue. A few cases have considered the question. The statute concerning venue in divorce cases provides that "in any suit for the dissolution of the marriage contract the same may be commenced and tried in any county of this state in which either party to the suit resides." O. C. L. A. § 9-108, subd. (3). The equity statutes concerning change of venue apply to divorce cases. In Hanzlik v. Hanzlik, supra, suit for divorce was filed in Clackamas county where neither of the parties resided. The defendant appeared and answered, but made no motion to quash or for change of venue. The objection to venue was first made on appeal. The court held that suit had been

brought in the wrong county, but the objection was waived. The court said:

"The specific question thus presented for decision is one which has not heretofore been expressly decided by this court, and in its determination due consideration must be given to the fact that many divorces have heretofore been granted in this state in cases where, because neither of the parties resided in the county where the suit was brought, the suit had been brought in the wrong county, and, in reliance upon the validity of the decrees thus obtained, marital relations have been entered into. A determination now that all such marriages are void and that the legitimacy of the children born of such marriages is subject to question would be far reaching in its effect and disastrous in its consequences to many innocent persons." *Hanzlik v. Hanzlik,* supra (110 Or. 95, 98).

We think the court must have had in contemplation the fact that in many of the cases which have been filed in the wrong county, a decree of divorce had been entered after personal service and for want of appearance by the defendant. We agree that if all such decrees were now declared void, the results would be disastrous. The opinion is not directly in point, for the defendant in that case appeared, but it suggests a potent reason for holding that defendant waives improper venue by failing to appear. The court applied the doctrine of *Johnston v. Wadsworth,* supra, and *Schleef v. Purdy,* supra, to divorce suits.

In *Geis v. Gallus,* supra (130 Or. 619, 629), this court went further and, by way of dictum, said:

"It has been generally held by the courts that in a divorce suit, if the defendant is a resident of the state, the venue is waived by failure to appear."

And see, 19 C. J., Divorce, § 57, p. 36; 27 C. J. S., Divorce, § 83 d., p. 663.

In *Tudor v. Tudor,* 101 Ky. 530, 41 S. W. 768, the court held that where the wife fails to appear in an action against her for divorce the court has jurisdiction to hear the case without proof that she resided in the county when the action was brought as that requirement of the code is waived by failure to object to the jurisdiction. See also *Branch Bank at Mobile v. Rutledge and Watts,* 13 Ala. 196; *Wakefield v. Wakefield,* 217 Ala. 517, 116 So. 685; *White v. White,* 206 Ala. 231, 89 So. 579; and *Wilson v. Griffith,* 288 Ill. App. 32, 5 N. E. (2d) 591.

 It is generally recognized that the venue provisions in divorce suits are merely for the benefit and convenience of the parties. Divorce proceedings more closely resemble transitory actions than they do local actions affecting the title to land. If a valid decree of divorce can be rendered by default, although brought in the wrong county, we think the same rule must also apply to a default judgment in a transitory action. Again, if venue is waived by failure to object in local actions affecting title to land, there is stronger reason for applying the rule of waiver to transitory actions in which rules of venue are enacted merely for the convenience of the parties.

██ The opinion of the trial judge contains an able discussion of the issues. He points out that the statement in *Brown v. Deschuttes Bridge Co.,* on which defendant relies, was pure dictum and he persuasively argues that the statute authorizing change of venue must have been intended to meet "just such a situation as is presented by this case." He correctly observes that "the jurisdiction of the circuit courts of this state

is statewide." Their process and summons may issue to any county; their judgments and decrees affecting land may be recorded in any county, after which they constitute notice as completely as if the proceedings were had originally in such county. O. C. L. A. § 9-108, subd. (3). Executions may be issued to the sheriff of any county in the state, or to different counties at the same time. O. C. L. A. § 6-1106.

In conclusion, we have held that if, as may have been the case, the venue was properly laid in Multnomah county, the statutes, the more recent precedents, and the better reasoning establish that service of summons could validly be had in Lane county.

If, on the other hand, venue was improperly laid in Multnomah county, we hold that the statute authorizing change of venue applies to transitory actions and that the court acquired jurisdiction in this case. It had general jurisdiction of the subject matter of such action and acquired personal jurisdiction upon the defendant by service upon him in Lane county. We hold that when the court has jurisdiction, our statutes O. C. L. A. §§ 1-601 and 1-602, authorize service in a county other than that in which the action was filed. We hold that by failing to appear and claim any of the privileges accorded to him by the venue statute, the defendant waived objection if venue was, in fact, improperly laid. Therefore, the judgment against the defendant is valid.

There are some cases which indicate that the judgment of a court of general jurisdiction, based on personal service upon a defendant in Oregon, might authorize us to presume that the defendant resided in

Multnomah county, or was a nonresident of the state and, therefore, that venue was properly laid. *Knapp v. Wallace,* 50 Or. 348, 92 P. 1054, 126 Am. St. Rep. 742; *Murphy v. Bjelik,* 87 Or. 329, 363, 169 P. 520, 170 P. 723; and *Capos v. Clatsop County,* 144 Or. 510, 25 P. (2d) 903, 90 A. L. R. 289. But we do not feel justified in deciding the case upon that issue.

The judgment of the circuit court is affirmed.